Joseph L. Friedman and John W. Keiler, Partners as Friedman, Keiler & Co., Appellants, vs. Herman Rehm and R. W. Simms, Appellees.

1. A final decree rendered in pursuance of a previous decree *pro confesso* may be set aside after the lapse of the period of twenty days from its entry, whereby it has become absolute under section 1446 of the Revised tatutes, but an application to set aside such a final decree after the expiration of twenty days from its entry should never be entertained from a mere desire to let in a defence on the merits, but only where strong and *unaroidable* circumstances exist excusing failure to answer at the proper time.

2.  To authorize the granting of an application to set aside a final decree, which has become absolute under section 1446 of the Revised Statutes, for the purpose of permitting a defence to be interposed, it must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defence, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time.

3.  Affidavits sworn to by defendants and filed in resistance of a preliminary application for the appointment of a receiver, and neither purporting to be, nor intended as, formal answers to a bill of complaint will not be regarded as answers so as to preclude the entry of a decree *pro confesso* if answers are not seasonably filed.

4.  Neither mutual mistake of associate counsel as to the one charged with the duty of preparing and filing answers, nor the erroneous supposition that affidavits filed in resistance of an application for the appointment of a receiver would preclude the entry of a decree *pro confesso*, nor the fact that counsel for defendants supposed no action would be taken until the court passed upon such application for appointment of a receiver, constitute circumstances authorizing the setting aside of a final decree absolute under the statute.

5.  A decree setting aside a final decree, which has become absolute under the statute, for the purpose of permitting a defence to be interposed, will be reversed on appeal where it is not shown that such circumstances existed as to authorize the action of the court in setting aside the decree, and the action of the court in that regard is assigned as error.

Appeal from the Circuit Court for St. John's County.

*Statement.*

On June 4th, 1895, appellants, Joseph L. Friedman and John W. Keiler, partners as Friedman, Keiler & Co., filed their bill of complaint in the Circuit Court of St. John's county against appellees, Herman Rehm and Robert W. Simms, alleging that appellants recovered a judgment in said court on May 13th, 1895, against Rehm for $212 damages and $4 costs, and on the same day another judgment against Rehm and one Sullius, a former co-

partner of Rehm, for $135.35 damages and $3 costs. The bill alleged that the judgments remained unpaid; that executions were issued thereon on May 15th, 1895, upon which the sheriff of said county made return on May 24th, 1895, that there was no property, real or personal, of either of said parties upon which to make a levy.

It was alleged in the bill that on and prior to November 21st, 1894, Rehm was engaged in the business of selling liquors and the proprietor of a saloon in St. Augustine; that he was then indebted to the Joseph Schlitz Brewery Company, or to its agent at Jacksonville, in the sum of $1,200, payable in instalments of $100 each month on and after January 15th, 1895; that he was then indebted to complainants in the sum of $964.38, represented by five drafts drawn by them, and accepted by him, due, respectively, February 10th, March 10th, April 10th, May 10th and June 10th, 1895; and the bill alleged on information and belief that on or about February 27th, 1895, Rehm was also indebted to the Anheuser Busch Brewing Company in a large sum of money, the amount of which was unknown to complainants.

The bill further alleged that on or about February 27th, 1895, Rehm, with intent to defraud complainants, made a colorable and feigned sale and transfer of all his property subject to execution, and executed and delivered to Simms a bill of sale of the "liquor, bar, restaurant and hotel business including State and county license of the said Herman Rehm and the 'good will' of the said business;" and that on the same day the said defendant caused the pretended bill of sale to be recorded in the office of the clerk of the Circuit Court of St. John's county. A copy of the bill of sale was attached to the bill as an exhibit thereto, and made a part thereof. It purported to be

made for an expressed consideration of $1,854, and undertook to convey, in addition, certain fixtures, stock, chattels and personal property particularly described in a schedule thereto annexed, consisting of certain furniture and property usual to a saloon, and some liquors and wines. The bill then alleged that the property described in the bill of sale was all the property of Rehm subject to execution in the State of Florida; that the sale was made without consideration, for the purpose of placing the property beyond the reach of Rehm's creditors; that there was no transfer of possession; and that Rehm continued in control of the property up to the time of filing the bill, claiming to be the agent and employee of Simms.

The bill contained various other allegations in regard to the alleged fraudulent character of the sale, prayed that Rehm might be decreed to pay complainants their judgment debts, with interest and costs, and that the property described in the bill of sale might be declared subject to the executions issued thereon. There was further prayer that Simms might be enjoined from selling, disposing of, or in any way encumbering the property, and for the appointment of a receiver to take possession thereof.

The defendants appeared and each in July, 1895, filed an affidavit in resistance of the application for appointment of a receiver, but neither filed an answer to the bill by the rule day in August, 1895, whereupon complainants' solicitor filed a *praecipe* for a decree *pro confesso* against them.

On August 17th, 1895, complainants brought the cause on for final hearing, and the court rendered a decree on that day reciting that a decree *pro confesso* had been regularly entered against the defendants, and decreeing

that complainant had a lien upon the property included in the bill of sale "to the amount of the two judgments described in the bill of complaint," with interest, that the said property was subject to executions thereunder, and that the sale was made for the purpose of hindering and delaying creditors and was fraudulent and void.

On September 12th, 1895, defendants filed a motion to set aside the decree *pro confesso* entered on August 5th, and the final decree, on the grounds stated in the opinion. Affidavit was made to the truth of the grounds of both motions, so far as they averred matters of fact, by John E. Hartridge, counsel for defendant Simms.

On October 17th, 1895, the court made an order citing that "it appearing to the court that this application to set aside the decree *pro confesso* and final decree is made within the time limited by the rule, and that the grounds for said motion are duly verified by oath; and it further appearing that the defendant R. W. Simms tenders with his motion a sworn answer setting up facts which if true constitute a defence; It is therefore, upon consideration of said motion ordered, adjudged and decreed that said decree *pro confesso* and the final decree entered thereon be vacated and set aside and held for naught, and that the answer of said R. W. Simms be herewith filed."

Answers were afterwards filed by both defendants, to which complainants filed a replication. Testimony was taken, and on final hearing the court dismissed the bill at complainants' costs.

Appellants assign errors as follows: first, in receiving the motion to vacate the final decree after twenty days from its entry in the clerk's office; second, in holding the application to vacate said decree was made within the

time limited by the rules of court; third, in vacating the final decree; and fourth, in dismissing the bill.

The other facts are stated in the opinion of the Court.

*W. W. Dewhurst,* for Appellants.

*John E. Hartridge,* for Appellees.

GLEN, C., *(After stating the facts.)*

Counsel for appellants in his brief concedes that under the decision of Stribling v. Hart, Executrix, 20 Fla. 235, the chancellor has power, upon a proper showing, to set aside a final decree consequent upon a decree *pro confesso,* after twenty days from the entry of the final decree, for the purpose of permitting a defence to be interposed, and asserts that the only question for review is whether the circumstances presented by the record in this case justified the exercise of that power. It appears that the bill was filed in the court below on June 4th, 1895, and that appearance was filed on July 1st, 1895. It also appears that the defendants filed affidavits in July, 1895, for the purpose of resisting an application on the part of complainant for the appointment of a receiver. The final decree recites that a decree *pro confesso* had theretofore been regularly entered. On September 12th, 1895, the motion was made to set aside the decree *pro confesso* and final decree. That motion was made and filed more than twenty days after the rendition and filing of the final decree, and hence, after the final decree had become absolute under section 1446 of the Revised Statutes. That section is substantially the same as Rule 45 of the rules of practice in equity, construed by the court in Stribling v.

Hart, Executrix, *supra,* and in the opinion of the court should receive the same construction as that placed upon the rule, viz: that it does not preclude the court from setting aside a final decree upon a decree *pro confesso,* after the lapse of twenty days, for the purpose of permitting a defence upon the merits, under the circumstances stated in that case. The exercise of this power, however, should be confined strictly to the limits announced in Stribling v. Hart, Executrix. As is said in that case, "decrees are not lightly to be disturbed or vacated after enrollment, though entered upon default of the defendants, and it is only where there are strong and special circumstances shown and the conduct of the party applying is entirely free from well grounded imputation of *laches* or *mala fides* that his application will be entertained and the discretion of the court exercised in his favor, and the discretion to be exercised upon such application must be regulated by law and precedent and not a mere desire to let in a defence upon the merits. * * * * The facts produced must show deceit, surprise or irregularity in obtaining the decree and that the defendant has acted *bona fide* and with reasonable diligence." A final decree of this character, after it has become absolute under the statute, should never be set aside merely because the applicant has a meritorious defence. Without *strong* and *unavoidable* circumstances excusing the failure to answer the decree should not be disturbed. The court has a very limited discretion in passing upon such applications, and "the facts established must show *deceit, surprise* or *irregularity* in obtaining the decree, that the defendant has acted *bona fide,* and with reasonable diligence, and has a meritorious defence," before such a decree is set aside. Applying these rules to the present case the action of the court below in

setting aside the decree rendered on August 17th, 1895, was clearly erroneous. The grounds of the motion for setting aside the decree *pro confesso* were (1) that the case was not ripe for a decree because affidavits had been filed by both defendants on July 15th, 1895; (2) that the affidavits of defendants filed in resistance of the application for receiver precluded the entry of a decree *pro confesso;* (3) that counsel supposed no action would be taken until the court passed upon the application for receiver; and (4) that there was a mutual misunderstanding between defendants' solicitors by which each expected the other to file the answers of defendants. The motion also asserted as grounds for setting aside the final decree (1) that the case had never been sent to a master to take proofs; (2) that it had never been set down for hearing on bill and answer; and (3) that the affidavits afforded a complete and adequate defence until overcome by testimony. It will be observed that all the grounds of both motions assert errors of law in the entry of the respective decrees, except the third and fourth grounds of the motion to set aside the decree *pro confesso,* which assert, respectively, that counsel supposed no action would be taken until determination of the application for receiver, and that there was a mutual misunderstanding between defendants' solicitors as to the filing of the answers. Certainly neither of these grounds authorized the setting aside of the decree. Stribling v. Hart, Executrix, *supra;* Rust v. Lynch, 54 Md. 636. The other two grounds of the motion to set aside the decree *pro confesso,* and the third ground of the motion to set aside the final decree, were based upon the alleged presence in the record of affidavits on the part of the defendants, Rehm and Simms, filed in resisting the application for a receiver, which, it was

43 Fla. 23.

Friedman, Keiler & Co. v. Rhem et al.—Opinion of Court.

asserted, precluded the entry of a decree *pro confesso* or final decree; but such affidavits filed by the defendants for the purpose stated, could not serve the purpose of formal answers to the bill so as to preclude the entry of a decree *pro confesso*. That they were not intended to do so is shown by the motion itself, in its allegation, duly verified, that answers were not filed by reason of the mutual misunderstanding of the defendants' solicitors. The first and second grounds of the motion to set aside the final decree are without merit, and need not be further considered.

The allegations of fact in the bill, which were admitted by the decree *pro confesso*, were sufficient to warrant the final decree rendered on August 17th, 1895, in favor of appellants, and the order of October 7th, 1895, setting aside that final decree, and all proceedings subsequent thereto should be reversed and set aside.

HOCKER, C., and MAXWELL, C., concur.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.

(Chief-Justice TAYLOR, on account of sickness in his family, did not participate in this decision.)