MARY D. HORNER AND HER HUSBAND, ALBERT N. HORNER, *Appellants*, v. CHARLES W. WHITE AND THE TUSKA-WILLA PHOSPHATE COMPANY, A CORPORATION UNDER THE LAWS OF FLORIDA, *Appellees*.

1. A motion to vacate a decree *pro confesso*, not supported by affidavit as required by the rules of practice, and not brought on for hearing until several months after the entry of the final

decree thereon, and three months after the defendant had entered into and to some extent enforced agreements based upon and recognizing the validity of the final decree, should be treated as abandoned.

2. A motion to vacate and set aside a final decree and decree *pro confesso* in a chancery cause filed four months after the entry of the final decree should be denied where no good cause is shown for the delay and the defendant has in the meantime with full knowledge of the facts recognized the validity of the final decree and entered into and enforced contracts with the complainant based thereon.

3. Upon application to set aside a final decree and decree *pro confesso* entered in a suit for foreclosure of mortgage and to permit a defense as to the amount due on the mortgage indebtedness, an answer tendered in connection with the application which shows the correctness of the complainant's claim to have been already adjudicated in a common law action, and alleges no sufficient reason for disregarding such judgment, negatives the defendant's right to the relief sought.

This case was decided by Division B.

Appeal from Circuit Court for Lafayette county.

### Statement.

The appeal entered in this cause is from an order of the Circuit Judge setting aside a final decree of foreclosure of mortgage theretofore entered against the appellees, and permitting them to file an answer in the cause.

The bill for foreclosure was filed July 21st, 1900, with process thereon returnable to the rule day in August. Five days before the rule day in September, at which time answer was due, the defendant White, who was also the president of the Tuskawilla Phosphate Company, the other appellee, wrote to the complainants' attorneys asking a two weeks' extension of time in which to file an answer, and three days later they telegraphed him, "Will grant extension, have written you." Their letter written on the same day, and received by the defendant in New York on the September

rule day, stated that they had already filed a præcipe for entry of decree *pro confesso* on the rule day, but would permit a defense to the merits if the defendant would agree to speed the cause and abide by the decree of the court. It appears from affidavits filed in the cause that the institution of suit had been postponed for some six months upon the representations of the defendant White that he was ready to pay the amount due on the mortgage indebtedness if it could be adjusted between him and the complainant, and that he had agreed to file an answer at the August rules without waiting for the expiration of the time allowed by law to plead to the bill. On the rule day in September, the third day of the month, decree *pro confesso* was entered against the defendant in accordance with the præcipe therefor filed by the complainant, but the decree was erroneously dated August 3rd, instead of September 3rd. Two days before the expiration of the extension of time allowed by the agreement of parties in which to file an answer, or on September 15th, the defendant filed a demurrer to the bill, and upon learning of the entry of the decree *pro confesso,* on the twentieth day of September filed a motion to set it aside as being premature and in violation of the agreement of parties. No affidavit was filed with this motion in its support, and no action as to either the demurrer or the motion to vacate was taken or suggested by any one until the motion of May 20, 1901, which will be referred to hereafter. On October 6th, 1900, the judge entered an order amending the decree *pro confesso* to make it appear as of the date of its actual entry. An informal agreement was then entered into between the parties, whereby the defendant was to be permitted to file an answer as to the credits to which he claimed to be entitled upon the original mortgage indebtedness, but not to embrace technical or dilatory matters. In the latter part of October an answer was tendered to complainants' attorneys for filing, but was rejected by them as not drawn in accordance with the agreement that it should be to the

merits and not rest upon technicalities. The defendant acquiesced in this rejection, and claims to have prepared a second answer in the latter part of November and forwarded it to the complainants' counsel to be filed in the cause. The complainants' attorneys deny the receipt of this second answer, and in January, 1901, obtained a final decree of foreclosure and sale against the defendants, and advertised the property for sale at the sale day in February. The complainant hearing of the advertisement of sale wrote his attorneys to take steps to prevent its consummation, and they, two days before the sale, made an agreement with complainants' counsel that if the defendant should within thirty days from the day of sale pay to complainant the amount of the decree, costs and attorneys' fees, the sale should not be confirmed, but the decree should be satisfied. It was also stipulated that it was not understood that the agreement curtailed or lessened in any way the rights or remedies of White the defendant. On February 4th the mortgaged property was sold by the master as advertised, and was purchased by the complainant for $1,200, which was several hundred dollars less than the amount of the decree against defendant. On the sixth day of March following the defendant White presented to the court a motion to set aside the sale for the reason that the complainant had agreed with defendant's agent to buy the property for the amount of the decree, and thereby prevented the defendant or his agent from procuring other bidders or attending the sale, and had then bid in the property for much less than the agreed price; because complainant's solicitors had made an agreement with defendant, whereby the sale might become a nullity and hence it was not a fair sale; and because the sale was made by a master who was not a resident attorney in the county where the suit was pending and the property situated, though there were several such attorneys in the county not interested in the cause. This motion was supported by affidavit alleging the making of the contract and defendant's action thereunder, set up as the first ground

of the motion; and by filing agreement of the parties above
set out, stipulating that the sale be not confirmed for thirty
days, during which payment of the amount of the decree
could be made by defendant in discharge thereof, which was
the basis of the second ground of the motion. On the same
day, March 6th, the court granted the motion and set aside
the sale upon condition that the defendant pay within ten
days the costs of suit and $100 as an attorneys' fee, and
appointed an attorney from Lafayette county, where the suit
was pending, as master to execute the decree. Here the
cause rested until May 20th, when the defendants filed the
motion which was the basis of the order from which this
appeal is taken. The motion was that the court should hear
and pass judgment upon the motion of September 20, 1900,
that the decree *pro confesso* of September 3rd be set aside;
that the court dismiss the bill of complaint because of failure
of complainant to set down for argument the demurrer to
the bill filed September 15th, 1900; that all subsequent pro-
ceedings in the cause based upon the decree *pro confesso* be
set aside; that the court hear and pass judgment upon the
demurrer to the bill of complaint; and that the defendant be
allowed to file an answer which was tendered in connection
with the motion, and go to hearing upon the merits. With
this motion the defendants filed affidavits and exhibits show-
ing the history of the case and the various agreements of
the parties already mentioned. The complainant also filed
affidavits and exhibits as to these matters. On the twenty-
seventh day of May the court ruled upon the motion, and
set aside the decree *pro confesso* and all subsequent pro-
ceedings based thereon, including the final decree, and
ordered that the answer tendered by the defendants, in so
far as it referred to the amount due on the indebtedness
sued on, be allowed to stand as their answer. From this
order the complainants appeal to this court.

*J. B. Johnson* for appellants.

*F. L. Rees* for appellees.

MAXWELL, J. (*after stating the facts.*)—The power of the chancellor in this State to set aside a final decree rendered in pursuance of a previous decree *pro confesso* after the lapse of the period of twenty days from its entry, whereby it has become absolute under section 1446 of the Revised Statutes, is no longer an open question. *Friedman v. Rehm,* 43 Fla. 330, 31 South. Rep. 234; *Stribling v. Hart,* 20 Fla. 235. It is equally well settled by these decisions that the power is one to be exercised only when there exists strong grounds calling for the annullment of the previous solemn decree of the court, 'and when the conduct of the party applying for such relief is entirely free from well grounded imputation of laches.

Were these defendants free from this fault? As illustrating his subsequent acts, it may be noted that the filing of the bill had been deferred for months that White might adjust with the complainant the amount due on the mortgage debt, which he seems to have made. no effort to do. The suit was finally instituted late in the month of July, with the understanding that without waiting for the second rule day thereafter he would file his answer setting up the disputed credits which he claimed, and speed the cause. This was not done, and at the expiration of the full time allowed by law for the filing of the answer he was still unprepared and asked two weeks' extension. This extension was granted, not for the interposition of any line of defense which he might elect to pursue, but for the filing of the answer setting up the disputed claim of credits to be allowed on the mortgage debt. That this was the full extent of the concession made, appears from the correspondence asking and granting the extension, from the defendant's subsequent acquiescence in the right of complainants' attorneys to refuse to file for him an answer not within the spirit of the agreement, and from the final order of the court which, in permitting the answer to be filed only as to the amount due

on the mortgage debt, must have been based upon what the court found to be the scope of the agreement for further time. No answer was filed by the defendants within the time allowed, but two days before its expiration the defendants filed a demurrer to the bill. The decree *pro confesso* entered prior to this time was in excess of the complainants' rights under their agreement, but the defendants did not bring themselves within the agreement, and when, in October, the court confirmed and amended the decree *pro confesso* previously entered by the clerk the agreement for extension of time was at an end and no answer had been filed.

In apparent recognition of this, the defendants ignored both their demurrer and motion to vacate the decree *pro confesso* and obtained a further grant of time in which to file an answer along the lines previously agreed upon.

In January following, no answer having been filed, a final decree was entered against the defendants, and the property was advertised for sale on the fourth day of February. Without questioning in any manner the regularity or validity of this decree, the attorneys for the defendants then made with complainants' attorneys an agreement that the sale should not be confirmed for thirty days, during which time the decree might be satisfied by payment and the sale set aside, and another agent of the defendants made an agreement that the complainants should bid in the property for the amount of the decree. The authority of the attorneys to make the first agreement is questioned by the defendants, but they ratified both agreements and based upon them a motion that the sale be set aside, which motion was granted upon condition by the court. Some months thereafter the motion to set aside the decree *pro confesso* and subsequent proceedings based thereon was made. The motion should have been denied. The defendants had not availed themselves of the concessions granted by the complainants, and were at no time within the terms of the agreements made. Then, with full knowledge of all the facts and

ignoring and abandoning the previous unverified motion to vacate the decree *pro confesso,* they for months recognized the validity of the final decree and made agreements based thereon which involved the incurring of additional costs and expenses, and enforced rights claimed under those agreements. Leaving out all question of estoppel, this does not show such diligence as would entitle the defendants to the relief sought.

A further objection lay to the granting of the motion. The decree was vacated merely in order that the defendants might defend as to the amount due under the mortgage. The answer tendered by the defendants shows that several years before the institution of this suit a settlement was had between the parties to determine this amount and a note was given for the sum determined upon, by the defendant White who was not the original mortgagor but a purchaser of the mortgaged property, and that this sum is the basis of the present claim, and that the complainant has obtained judgment against White upon this note. The only allegations in the answer to break the force of this judgment are that in making the settlement the complainants misrepresented to the defendant the amount due on the notes secured by the mortgage, and that when the suit upon the note given by him was instituted he was ignorant of that fact. It does not deny that he had knowledge of the facts in time to have availed himself of them in defending the suit upon the note, nor does it offer any explanation why the defendant, apparently an educated man of affairs, should be dependent upon the complainant for information either as to the notes secured by the mortgage and set forth at large therein, or as to the amount which he had paid thereon. The answer, as to White at least, tends rather to show that the claim of disputed credits was already *res adjudicata* when the foreclosure suit was instituted, than that the defendant should have further opportunity of litigating the question.

The order of the court below vacating and setting aside

the decree *pro confesso* and final decree previously entered in the cause is reversed.

CARTER, P. J., and COCKRELL, J., concur.

TAYLOR, C. J. and HOCKER and SHACKLEFORD, JJ., concur in the opinion.