DAVID S. MACFARLANE, APPELLANT, v. J. H. DORSEY AND EMILY C. DORSEY, APPELLEES.

1. A final decree rendered in pursuance of a previous decree pro confesso may be set aside after the lapse of the period of twenty days from its entry, whereby it has become absolute under Section 1446 of the Revised Statutes of 1892, but an application to set aside such a final decree after the expiration of twenty days from its entry should never be entertained from a mere desire to let in a defence on the merits, but only where strong and unavoidable circumstances exist excusing failure to answer at the proper time.

2. To authorize the granting of an application to set aside a final decree, which has become absolute under Section 1446 of the Revised Statutes of 1892, for the purpose of permitting a defence to be interposed, it must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted bona fide and with reasonable diligence, that he has a meritorious defence which he was prevented from interposing at the proper time by the existence of strong and unavoidable circumstances. The proposed answer of the defendant should also be exhibited to the court at the time of the making of the application.

3. An interlocutory order setting aside a final decree, which has become absolute under the statute, for the purpose of permitting a defence to be interposed, will be reversed on appeal where it is not shown that such circumstances existed as to authorize the action of the court in setting aside the decree, and the action of the court thereon is assigned as error, unless it clearly appears that the bill of complaint is without equity, in which event such order will not be reversed, but the bill will be dismissed without prejudice.

4. Where the title to land has never been in the judgment debtor, but is held by another on a secret trust for such debtor, such land is not subject to levy and sale under an execution at law issued upon a judgment recovered against such debtor, but is an equitable asset and can be reached only by proper proceedings in a court of equity.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

STATEMENT.

On the 26th day of November. 1902, E. J. Hills filed his bill in chancery in the Circuit Court for Hillsborough county against the appellees, for the foreclosure of a mortgage executed by the appellees upon certain lands in said county, also making as parties defendant the appellant and certain others who claimed some interest as judgment creditors or otherwise. Various and sundry pleadings were filed in the cause by the respective parties, but it is unnecessary to specify or describe them further than to state that on the 4th day of September, 1903, the appellant filed a cross-bill in the suit, making the appellees and the other defendants in the original bill cross-defendants; to this cross-bill the appellees interposed a demur-

rer on the 5th day of October, 1903. but before any disposition was made thereof applied to the court for leave to withdraw it; on the 20th day of January, 1904, the Chancellor made an order allowing the appellant to file an amended cross-bill instanter, which amended cross-bill was filed on the same day, permitting the appellees to withdraw their demurrer and giving them until the rule. day in February next in which to answer. On the rule day in February a decree *pro confesso* was entered by the clerk against the appellees, on the 14th day of April, 1904, the appellant filed a praecipe dismissing his cross-bill as to all of the cross-defendants except the appellees, and on the same day the chancellor rendered a final decree in favor of the appellant and against the appellees to the effect that there was due from J. H. Dorsey, one of the appellees, to the appellant the sum of $3095.86. that Emily C. Dorsey, the other appellee, held the title to the lands described therein in trust for the creditors of J. H. Dorsey, and in default of the payment of said sum that the lands be sold, a special master being appointed for that purpose. It was further recited in the decree that the cross-bill had been dismissed as to all of the other defendants, that a decree *pro confesso* had been regularly entered against the appellees, and that the rights and priorities of mortgagees and judgment creditors were not adjudicated.

On the 17th day of June, 1904, the special master made a report to the effect that he had sold the lands, in compliance with the decree, to M. B. Macfarlane for the sum of $100. On the 20th day of July, 1904, before the report of the master was confirmed, the appellees filed a motion to set aside the final decree on the following grounds:

"First, that the cross-complainant, David S. Macfarlane, was not entitled on the face of his cross-bill to the

final decree as entered, as the cross-bill on its face shows that he is not entitled to any relief in this court, and has no interest in the property against which the decree was entered.

Second, that no proper default was ever entered against said J. H. Dorsey and Emily C. Dorsey, his wife, upon which final decree could be entered.

Third, that Emily C. Dorsey and J. H. Dorsey had filed their demurrer on April 4th, A. D. 1904, and that the same remained undisposed of at the time of the filing of the final decree."

' On the same day the Chancellor made an order granting the motion, setting aside both the decree *pro confesso* and the final decree and allowing the appellees until the rule day in September in which to answer. From this interlocutory order an appeal was entered by the appellant to the present term.

*S. B. Turman,* for Appellant.

*Gunby & Gibbons,* for Appellees.

SHACKLEFORD, *J., (after stating the facts.)*

Four errors are assigned, but, as they are all based upon the granting of the interlocutory order appealed from, it is not necessary to consider them in detail.

The case of Friedman, Keiler & Co. v. Rehm, 43 Fla. 330, 31 South. Rep. 234, is directly in point. In that case we held that "A final decree rendered in pursuance of a previous decree *pro confesso* may be set aside after the lapse of the period of twenty days from its entry, whereby it has become absolute under section 1446 of the Revised Statutes of 1892, but an application to set aside such a

final decree after the expiration of twenty days from its entry should never be entertained from a mere desire to let in a defence on the merits, but only where strong and *unavoidable* circumstances exist, excusing failure to answer at the proper time," first headnote. Also see the second and fifth headnotes and Stribling v. Hart, Executrix, 20 Fla. 235. An inspection of the motion filed by the appellees to set aside the final decree in the instant case discloses that there was a signal failure on the part of the appellees to comply with the requirements laid down by this court in the two cited cases. No showing whatever was made by the appellees that they had any meritorious defence which they were prevented from interposing "by causes beyond their control, and by obstacles insuperable in their character," that there was any "deceit, surprise or irregularity in obtaining the decree," or that the appellees had acted "with reasonable diligence," and they further failed to exhibit their proposed answer or even to give any intimation as to what the facts were which constituted their defence.

The final decree was rendered on the 14th day of April, 1904, and yet the appellees took no steps toward having the same set aside until the 20th day of July of that year, after the property had been advertised and sold by the master, no reason being made to appear for this long delay. The transcript fails to disclose that any demurrer was interposed by the appellees on the 4th day of April, 1904, as set forth in the third ground of their motion to set aside the final decree, but, even if the transcript showed the filing of such demurrer, it would be unavailing for the reason that the appellees were allowed only until the rule day in the preceding February in which to answer and for the further reason that a decree *pro confesso* had been entered against the appellees on the rule

day in February, more than two months before the alleged filing of the demurrer. The transcript further fails to show that the decree *pro confesso* was improperly or irregularly entered against the appellees, as is contended in the second ground of their motion. On the contrary, the final decree expressly states that "a decree *pro confesso* had been *regularly* entered" against the appellees, and, in the absence of any showing to the contrary, we must take this to be true. It is not made to appear that the dismissal of the cross-bill by the appellant as to the other cross-defendants in any way prejudiced the rights of the appellees. They had filed no answer to the cross-bill, and, moreover, the final decree expressly recites and recognizes such dismissal. The case of Long v. Anderson, 48 Fla. ......, 37 South. Rep. 216, is not in point.

It is true, as was said in Dorman v. McDougald, 47 Fla. ......, 36 South. Rep. 52, that "upon appeal by complainant from an order setting aside a decree *pro confesso*, and permitting the filing of an answer, if the bill be without equity the order will not be reversed, but the bill will be dismissed without prejudice." This brings us to the consideration of the first ground of the appellee's motion to set aside the final decree.

The only contention made here by the appellees as to the cross-bill being without equity is that it contains an allegation to the effect that appellant had obtained a judgment against J. H. Dorsey, one of the appellees, had caused an execution to be issued thereon and levied upon the lands described in the cross-bill as the property of the said J. H. Dorsey, and that the same had been sold at a sheriff's sale, at which M. B. Macfarlane was the purchaser, therefore, the appellant had no further interest in said lands and could not maintain his cross-bill. This position is untenable for the reason that the cross-bill ex-

pressly alleges that 'the title to said lands was held by Emily C. Dorsey, the other appellee, therefore, said levy and sale and the execution of a deed by the sheriff were all nullities and vested no title in the purchaser, M. B. Macfarlane. See Robinson v. Springfield Company, 21 Fla. 203, sixth headnote; Mayer Bros. v. Wilkins, 37 Fla. 244, text 255, 19 South. Rep. 632; Wilson v. Matheson, 17 Fla. 630, text 642. It follows that this assault upon the cross-bill for want of equity must fail, and, therefore, that the case of Dorman v. McDonald, *supra,* has no applicability.

The interlocutory order appealed from must be reversed, and it is so ordered, at the cost of the appellees, and the case is remanded for such further proceedings as may be in accordance with equity practice and consistent with this opinion.

WHITFIELD, C. J., and CARTER, J., concur.

TAYLOR, HOCKER and COCKRELL, JJ., concur in the opinion.