CITY OF GAINESVILLE, A MUNICIPAL CORPORATION, *Appellant*, v. PRIMUS JOHNSON AND OTHERS. *Appellees.*

1.  To open up a final decree after twenty days in order to let in a defense it must be shown there was deceit, surprise or irregularity in obtaining the decree that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defense and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application.

2.  A final decree absolute will not be opened upon a showing that the defendant was illiterate and did not understand that a suit was brought against him, that he had a counter claim of which he advised complainant's counsel and was told to see an officer of the complainant who promised to see what could be done and advise him—there being no suggestion that the suit would be staid until settlement.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Hampton & Hampton* and *W. S. Broome,* for Appellant,

No appearance for Appellees.

COCKRELL, J.—This is an appeal from an order setting aside decrees *pro confesso* and final decree consequent thereon upon a petition made more than twenty days after the rendition thereof.

We are not favored with a brief or argument in behalf of the appellees and the petition does not point out wherein the final decree was not proper or consequent upon the bill as confessed, and without aid we have discovered no

such defects, jurisdictional or fundamental as to enable us to say the bill is wholly wanting in equity.

We have recognized the power in the Chancellor to vacate final decrees that have become absolute, but it may be done only under extraordinary circumstances. It must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist, excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application. Macfarlane v. Dorsey, 49 Fla. 341, 38 South. Rep. 512; Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234; Stribling v. Hart, 20 Fla. 235.

Beside defensive matters sought to be set up in the petition, and which might have been set up if timely pleaded, and these solemn decrees are not to be set aside merely to let in a meritorious defense, the whole force of the application rests upon the first paragraph which reads:

"First—That they would show that these petitioners are each and all of them ignorant and illiterate colored people; that Primus Johnson is the oldest, and acts and has acted as the agent of the other petitioners; that he did not understand that a suit had been brought against them, and that it would be necessary to have an attorney to represent their interest; that when he first got notice of the city's claim, which he has been since told (Aug. 13th, 1909), was the subpoena to appear. He went to Mr. Broome, the City Attorney, and told him what he claimed the city owed him, whereupon, he was told by Mr. Broome that he had better see Mr. Hampton, of the Board of Public Works; he then saw Mr. Hampton, whom he had known a long time, whom he regarded as friendly, who told him that he would bring the matter up before the Board of Public Works, and see what the Board would do, and let

him know; that he relied implicitly upon Mr. Hampton, and he has heard nothing further until his attention was called to the advertisement of the property under the decree."

It appears from subsequent portions of the petition that the claim against the city arose out of an alleged trespass and condemnation of part of the land for sidewalks.

The facts set forth may appeal to the sympathies of a judge reared in the atmosphere of that tender consideration so generally shown to the illiterate negroes by the descendants of the slave owner class, but they do not come up to the rule so frequently enunciated.

The counter claim of these negroes was not strictly speaking a defense to the suit, but was the subject matter for an independent action and the decree here is no bar to such future action. There was no promise or undertaking by the attorney for the city that the suit would be staid until a compromise of the counter claim was effected, and the matter of the counter claim does not appear to have been within the cognizance of the attorney. It is not asserted that Mr. Hampton claimed any power to control the pending suit or made any reference thereto, but only that he promised to take up with the proper authorities the claim of these parties for damages to them by reason of the alleged trespass.

The allegations fail to show deceit, surprise or irregularity, in legal acceptance, and the laches is not sufficiently excused. There was further irregularity in not tendering the proposed answer.

It follows that the decretal order setting aside the final decree is reversed.

All concur, except TAYLOR, J., absent on account of illness.