ISAAC MILTON AND OTHERS, *Appellants,* v. WILLIAM MIL-
TON, *Appellee.*

1. A demurrer should not be stricken because not *signed* by the
   party, when the defect lies only in the form of the affidavit
   thereto.

2. A certificate of service by a private party is not due and
   legal service of a notice.

3. A bill for partition should disclose the respective interests of
   the parties thereto.

This case was decided by Division A.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the
court.

*Paul Carter,* for Appellants;

*Calhoun & Campbell,* for Appellee.

COCKRELL, J.—This case presents many complications,
due to the failure of the parties to follow the law strictly.
It is a suit for partition filed by William Milton against
the other heirs at law of Mary Webster, deceased, four
of whom were infants. It is alleged that one of the sons,
Isaac Milton, was not entitled to any interest of the intes-
tate ancestor, by reason of an advancement made to him
in his life time.

There was a demurrer interposed to the bill of com-
plaint, which was stricken by the court "upon the ground
that the paper was not signed by the defendants, or either
of them." The rule does not require a signing of the de-

murrer by the defendants or either of them.   There was a technical objection to the affidavit appended to the demurrer, in that it was made by the attorney and there was no statement therein that the defendants were absent from the State.   Had the proper and specific objection been made, it might have been promptly met by timely application to supplement, or to file an affidavit *strictissimi juris*.   There was also error in holding that "due and legal service" of the motion to strike was had.   A certificate of a private party is not due and legal proof of service.

The bill of complaint should be amended, as it does not disclose with any precision what may be the respective interest of the minor defendants—it appears only that they are grand-children of a former husband of Mary Webster. The bill further discloses that there was another son of Mary Webster who left a widow, but it does not appear except by inference whether he died before his mother, nor whether he left descendants.

The decree is reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.