J. A. JETT, *Appellant,* v. J. E. ELDRIDGE, *Appellee.*

When a demurrer has been filed to a bill of complaint, an *ex parte* allowance of an amendment to the bill to meet one ground of the demurrer, does not justify a decree *pro confesso.*

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Harman Merrill,* for Appellant;

*Robt. W. Davis,* for Appellee.

COCKRELL, J.—This appeal is from a refusal to open up a decree *pro confesso* and a final decree thereon, the application being made within thirty days of the final decree, but not quite within thirty days of the order taking the bills as confessed.

The record presents a clear case of error. The defendant demurred to the bill upon various grounds, and his demurrer was set down by the complainant. Without notice to the defendant, the complainant obtained an order amending his bill, to meet an obvious objection set forth in one ground of the demurrer.

The application to amend did not pretend to admit the demurrer as a whole, and upon this record it remains undisposed of and no default could properly be entered. As to the defenses thus sought to be interposed, the defendant has not had his day in court, and there is no Court Rule that even looks to a deprivation of this right.

The error on this record is not without material harm.

The final decree allows interest upon a usurious contract and also attorneys' fees, amounting together to over six hundred dollars, more than one-fourth the original indebtedness alleged to be due.

The decrees should be set aside, and it is so ordered.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.