J. S. ROEBUCK, *Appellant*, v. J. W. BATTEN *et al.,*
*Appellees.*

1. To open up a final decree, after 20 days, in order to let in a defense, it must be shown there was deceit, surprise, or irregularity in obtaining the decree, that the defendant acted *bona fide*, and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application.

2. Where after a decree *pro confesso* is entered in a foreclosure proceeding, the bill of complaint is, without notice to, or the knowledge of the defendant, so amended as to greatly increase the amount claimed under the mortgage, and other sufficient equitable circumstances are shown, a decree *pro confesso* and a final decree entered thereon, may be set aside even after 20 days from the date of the final decree.

3. Where a motion is made to strike a demurrer on the sole ground that it is sworn to by counsel who did not state in the affidavit that the defendants are absent from the State, the court may well require notice of the motion to be given to opposing counsel so that the technical defect may be remedied and no injustice done to litigants.

Appealed from the Circuit Court for Clay County.

The facts in the case are stated in the opinion of the court.

*Clark & Fielding,* for Appellant;

*A. Z. Adkins,* for Appellees.

WHITFIELD, C. J.—The appellant filed a bill in equity on January 5, 1912, to foreclose a mortgage upon real estate made to J. H. Roebuck and assigned by his heirs to J. S. Roebuck. On March 4, 1912, a demurrer to the bill was interposed, the grounds being in effect that the allegations showed the instruments of indebtedness to be barred by the statute of limitations and that the original indebtedness and the credits thereon are not so stated as to enable the defendants to make a proper and legal defense. The demurrer was stricken on March 15, 1912, because it was sworn to by counsel and not by the defendants as required by Equity Rule 48, it not appearing that the defendants were absent from the State. A decree *pro confesso* was entered by the court upon striking the demurrer March 15, 1912; and on the same day a special master was appointed to take and state an account of what is due the complainant in the cause. On March 26, 1912, the court permitted the complainant to amend the bill of complaint by increasing the amount claimed to be due from $117.44, to $300.00. On the same day the special master filed his report and a final decree of foreclosure for $257.80 and $100.00 attorney's fee was rendered. On April 19, 1912, the defendants filed a motion to set aside the decree *pro confesso* and final decree on the grounds that the defendants had no notice of the striking of the

demurrer, of the appointment of the special master, of the entering of the decree *pro confesso* and of the entering of the final decree and because there was no master's report on which a final decree could be entered, and because there was no sworn testimony as to the amount of the indebtedness. A petition was also filed on the same day praying that the decree *pro confesso* and final decree be set aside and the defendant allowed to file their plea and answer. The plea offered avers that the defendants before action taken discharged and satisfied complainant's claim by payment. In the proffered answer the defendants admit the execution of certain notes and a mortgage to J. H. Roebuck, but deny that the copies of the notes described in the bill of complaint are true and correct copies of the notes executed by defendants; and aver that defendants had no knowledge or information of the assignment of the notes and mortgage by the heirs of J. H. Roebuck to complainant J. S. Roebuck, and deny that they were assigned for a valuable consideration; and aver that before the commencement of the suit the defendants discharged and satisfied complainant's claim by payment. The court on May 6, 1912, set aside and vacated the decree *pro confesso* and final decree and permitted the defendants to file their plea and answer. The complainant appealed from the order vacating the decree *pro confesso* and final decree and assigns the order as error.

To open up a final decree, after 20 days, in order to let in a defense, it must be shown that there was deceit, surprise, or irregularity in obtaining the decree, that the defendant acted bona fide and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer

should be exhibited at the time of making the application. City of Gainesville v. Johnson, 59 Fla. 459, 51 South. Rep. 852; Macfarlane v. Dorsey, 49 Fla. 341, 38 South. Rep. 512; Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234; Stribling v. Hart, 20, Fla. 235.

The petition to vacate the decree *pro confesso* and final decree is sworn to by the defendants and contains the following:

"Your petitioners would further show unto your Honor, that they had no notice and that their solicitor had no notice, directly nor indirectly, of the hearing of the motion to strike said demurrer nor as to the entering of a decree *pro confesso*, nor of the appointment of a Special Master, nor of the granting of the final decree in said cause.

Your petitioners would further show unto your Honor that on the same day the Master filed his report and the court granted a final decree in said cause, to-wit: March 26th, 1912, the said court granted a motion of complainant, J. S. Roebuck, to amend his bill of complaint by striking out the figures '$117.44' and inserting the figures '$300.00 :' that petitioners had no notice neither did their solicitor, directly or indirectly of said amendment.

Your petitioners would further show unto your Honor that they and their solicitor reside about twenty-five miles from the County Site of Clay County, Florida, and that they reside in Bradford County, Florida; that the entire files in said mortgage foreclosure was out of the Clerk's office of said Clay County, Florida, and in possession of the counsel for the said J. S. Roebuck from the 9th, day of March, until the 28th, day of March, A. D. 1912; that your petitioners had no notice of the above actions and proceedings of said court until April 8th, inst., when their counsel, while in Green Cove Springs, examined said files and found said orders and decrees

of said court; that he immediately notified petitioners of said decrees and that they have immediately upon such notice filed this their petition."

An affidavit made by the defendants and filed with the petition contains the following: "Affiants reside in Bradford County, Florida, about twenty-five miles from the court house in Clay County, Florida, where said suit was filed, and that their solicitor reside about the same distance from said court house and said solicitor resides about fifteen miles from said affiants; that the files in said mortgage foreclosure were taken from the Clerk's office at Green Cove Springs, Florida, by the solicitor for J. S. Roebuck on the 9th day of March, 1912, and were not returned to said office until the 28th day of March, 1912; that affiants had no knowledge of the above described decrees of said court having been entered until their solicitor examined said files on the 8th day of April, 1912, while he was attending court at Green Cove Springs, Florida; that they have immediately taken steps by filing their motion and petition with said court to have said decrees set aside and are presenting same at the earliest date that the court would hear affiants; that affiants aver that complainant, J. S. Roebuck has never claimed that said affiants owed him more than $117.44 as is shown by letters written by counsel for complainant which they make part of this affidavit and mark A, B, and C; that affiants do not owe the said J. S. Roebuck any money whatever on said notes and mortgage; that affiants believe that there were irregularities in entering said decrees; that affiants have acted bona fide and with due diligence and aver that they have a meritorious defense, as is shown by the plea and answer of affiants which they tender and ask to be considered with the motion and petition herein; that affiants aver that the

Special Master's report filed in said cause, upon which the final decree was granted, shows upon its face that J. S. Roebuck, the complainant, was not present at the taking of the testimony, neither does said report show that any one was sown or testified as to the correctness of said notes and that the amount of said notes were due and payable; that there were no witnesses sworn as to the amount due and payable on said notes."

An affidavit made by the defendants attorney contains the following: "That he is an attorney at law and solicitor in chancery, practicing law at Starke, Bradford County, Florida, and that he was employed by J. W. Batton and Mary Batton to defend them in a mortgage foreclosure suit brought against them by J. S. Roebuck in the Circuit Court of Clay County, Florida; that affiant had no notice, directly or indirectly of the hearings of said motions and of the granting of said orders and decrees; that the file in said suit were out of the Clerk's office of said court from the 9th day of March until the 28th day of March, 1912; that affiant had no knowledge of the entering of said decrees and orders until the 8th day of April, 1912, when he examined the files in said cause while at Green Cove Springs and ascertained said fact; that it was April 9th, 1912, before he returned home and that on the next day, April 10th, 1912, he sent for said defendants to come to his office in order that he could apprise them of the fact of the entering of said decrees and orders in said cause, and make arrangements for petitioning the court to set aside said decrees; that said defendants reside about fifteen miles from Starke and have to travel by private conveyance to get to Starke; that affiant and said defendants were surprised at the entering of said decrees and that the defendants have acted bona fide and with all due diligence and they have

a good and meritorious defence, and have applied to the court for an order to set aside said decrees just as soon as they could prepare their necessary papers for same and get service on complainant of the hearing of said application."

Letters from other counsel for the complainant during the year 1911, showed the claim to be less than $150.00.

The only showing made in resisting the application to vacate the decree *pro confesso* and final decree is the following affidavit:

"Thomas W. Fielding, being first duly sworn, deposes and says: I am one of the Solicitors for the Complainant in the above entitled cause; that as Solicitor I had T. B. Ellis Jr., appointed as Special Master to take and state an account of what was due complainant under his bill in this cause; that said Special Master stated the account and made his report to the court thereof, and he rendered to affiant a bill for $10.00 for stating said account which bill affiant has assumed and agreed to pay; that under the order of this court George W. Geiger, Esquire, of Green Cove Springs, Florida, was appointed as Special Master to make sale of the property described in the bill and in the final decree, and said Special Master has incurred considerable expense in the matter of making said sale, one item of said expense being the sum of $9.00, for the publication of notice of sale, which item of expense affiant has assumed and agreed to pay, and affiant will have to pay said Geiger whatever sum he is entitled to have for his services in said matter; that the notice of sale has already been published for three times in a newspaper in Green Cove Springs, Florida; that affiant has been to considerable cost and expense in the said matter, amounting to about $12.00; that affiant is entitled to a reasonable fee for services in the said matter up to this

time, and said reasonable fee is the sum of $100.00; that affiant in and about attending to said matter has paid railroad far and hotel bills, the sum of which amounts to about $10.00."

In view of the fact that the grounds of the stricken demurrer do not appear to be frivolous, though the demurrer was rightly stricken because it was not properly sworn to, and on the showing that the files of the record were out of the clerk's office from March 9, to March 28; that defendants and their counsel who live in another county had no knowledge of the decree *pro confessa,* or of the accounting, or of the final decree until April 8, when counsel visited Clay County; that upon his return home the next day defendants' counsel communicated with them and acted with reasonable promptness in taking action to have the decree vacated; that an amendment to the bill of complaint allowed without the knowledge of the defendants after the demurrer was filed, greatly increasing the claim, appears to be unwarranted by the facts disclosed in the application to vacate the decree; that the increase in the claim allowed by the amendment, affects the final decree; that strong and perhaps unavoidable circumstances exist to excuse the apparent negligence of counsel, and that the defendants were taken by surprise in the rather speedy progress of the cause, it appears that in reason, justice and equity the defense offered should be permitted to avail the defendants if they can duly substantiate it, and that the order of the court in vacating the decree is fully warranted and should be affirmed.

Where a motion is made to strike a demurrer on the sole ground that it is sworn to by counsel who did not state in the affidavit that the defendants are absent from the State, the court may well require notice of the motion

to be given to opposing counsel so that the technical defect may be remedied and no injustice done to litigants. See Milton v. Milton, 62 Fla. 564, 56 South. Rep. 947.

The order appealed from is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.