PEOPLES REALTY COMPANY, A CORPORATION, *Appellant,* v. SOUTHERN COLONIZATION COMPANY, A CORPORATION, AND HOWARD COLE & COMPANY, A CORPORATION, *Appellees.*

Opinion filed December 17, 1919.

1. To open up a final decree, after 20 days, in order to let in a defense, it must be shown there was deceit, surprise, or irregularity in obtaining the decree, that the defendant acted *bona fide,* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application.

2. Presumably the order of the Circuit Court setting aside a decree *pro confesso* and final decree entered thereon, is in accordance with the requirements of law and equity procedure, and the burden is on the appellant who appeals from such order to clearly show it is erroneous.

3. Where the showing made and the contents of the order of the court appealed from do not make error to clearly appear the order will be affirmed.

An Appeal from the Circuit Court for Okeechobee County, E. B. Donnell, Judge.

Affirmed.

*Dickinson* & *Dickinson,* for Appellant;

*W. B. Crawford, Johnston* & *Garrett* and *P. A. Vans Agnew,* for Appellees.

WHITFIELD, J.—This appeal was taken from an order setting aside a decree *pro confesso* and a final decree consequent thereon, the order appealed from having been made upon an application presented more than twenty days, to-wit: about sixty days after the date of the final decree. An erroneous denial of a motion to set aside a decree *pro confesso* and final decree consequent thereon will be reversed. Jett v. Eldridge, 63 Fla. 442, 59 South. Rep. 16.

An order setting aside a decree *pro confesso* and a final decree consequent thereon will be reversed where the showing made in support of the motion is not sufficient to quitably support the order under the principles controlling in such cases. Horner v. White, 46 Fla. 479, 35 South. Rep. 662; City of Gainesville v. Johnson, 59 Fla. 459, 51 South. Rep. 852; Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234; Stribling v. Hart, 20 Fla. 235.

An interlocutory order setting aside a final decree, which has become absolute under the statute, for the purpose of permitting a defense to be interposed, will be reversed on appeal where it is not shown that such circumstances existed as to authorize the action of the court in setting aside the decree, and the action of the court thereon is assigned as error, unless it clearly appears that the bill of complaint is without equity, in which event such order will not be reversed, but the bill will be dismissed without prejudice. Macfarlane v. Dorsey, 49 Fla. 341, 38 South. Rep. 512.

The power to open such decree is not to be exercised in cases where the decree has been made absolute in the regular course, and the defendant has been guilty of neglect and failure to give attention to the process of the court. Without the existence of strong and unavoidable circumstances excusing such neglect and laches, the decree should not be opened. Such power should not be exercised upon a mere desire to let in a defence upon the merits. The facts established must show deceit, surprise or irregularity in obtaining the decree, that the defendant has acted *bona fide,* and with reasonable diligence, and has a meritorious defence, and the facts constituting such defence must distinctly and satisfactorily appear, and the proposed answer should be exhibited. Stribling v. Hart, 20 Fla. 235.

When a decree *pro confesso,* regularly entered, has become absolute, the complainant is entitled to such relief as may be had upon the facts stated in his bill, and the decree *pro confesso* should not be set aside upon mere motion. Marks v. Baker, 20 Fla. 920.

To open up a final decree, after 20 days, in order to let in a defense, it must be shown there was deceit, surprise, or irregularity in obtaining the decree, that the defendant acted *bona fide,* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time, and the proposed answer should be exhibited at the time of making the application. Roebuck v. Batten, 64 Fla. 424, 59 South. Rep. 942; Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502.

Presumably the order of the Circuit Court setting aside a decree *pro confesso* and final decree entered thereon, is in accordance with the requirements of law and equity

procedure, and the burden is on the appellant who appeals from such order to clearly show it is erroneous.

The showing made and the contents of the order of the court appealed from do not make error to clearly appear.    Turner v. Jones, *supra;* Roebuck v. Batten, *supra.*

Affirmed.

BROWNE, C. J. AND TAYLOR AND WEST, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.—It is conceded that after the lapse of twenty days from rendering a decree on a pro confesso order the court should not exercise the power to set aside the decree except where the mover not only is able and ready to offer a defense upon the merits, but he must establish that the pro confesso order was obtained by deceit, surprise or irregularity, or that the decree was so obtained.   The above is the rule which this court has followed in many cases.   The showing made by the defendant in the court below does not, to my mind, prove that the defendant or its solicitors were either deceived or surprised, nor do the facts established show any irregularity in obtaining either the order or decree.   I do not agree to the doctrine that when a rule, clear and certain in its terms is laid down, either by statute, rule of court or a long line of decisions for the guidance of trial courts, that an order which rests for its authority upon such rule is presumed to have been properly made when the record shows the existence of all the facts and circumstances

upon which the court acts in making the order and such facts and circumstances do not come within the terms of the rule.