LEONORA T. PHILLIPS, *Appellant*, v. WILLIE HOWELL, *Appellee.*

Opinion Filed March 23, 1921.

1. Where a decree in chancery is signed by the Chancellor and delivered by the Solicitor to the Clerk of the court and received by him for filing, it is considered in law to have been filed from the moment it is so received by the Clerk.

2. The file mark of the Clerk is merely evidence of the paper having been filed.

3. Where a decree in chancery is actually recorded in the minutes of the court the formality of entry is completed, within twenty days from that time the court may upon motion and affidavit for cause shown set it aside.

4. The rule that deceit, surprise or irregularity in obtaining a decree must be shown to enable the court to open it and let in a defense applies when the application is made more than twenty days after the entry of the decree.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order affirmed.

*McGill & McGill,* for Appellant;

*Marion B. Jennings,* for Appellee.

ELLIS, J.—This is an appeal from an order vacating and setting aside a "final decree and decree *pro confesso*" and allowing the defendant further time to answer the bill of complaint.

A decree *pro confesso* was made by the Chancellor at

Chambers on the 10th day of December, 1918. · It was therein recited that constructive service had been made upon the defendant because he conceals himself so that personal service cannot be made upon him. An order of reference was made to a Master to take the "proof of the allegations of fact set out in the complainant's bill" and report to the court with his findings. Testimony was taken, and the Master made report to the court in writing of the same together with his findings on the 27th day of December, 1918, and on the same day the judge rendered the final decree, which was filed on the 9th day of January, 1919.

On the 22nd day of January, 1919, the defendant made his motion to open the decree *pro confesso* and set aside the final decree. On the 11th day of April, 1919, the order was made setting aside the *pro confesso order and* . final decree. On the same day defendant's answer was filed.

Affidavits filed in opposition to the motion show that the final decree was filed upon the same day that it was rendered, namely, December 27, 1918. There is nothing in the record, however, to show when the decree was en-·tered. The motion to set aside the final decree appears to have been made more than twenty days after it was rendered and filed.

When a decree is signed by the Chancellor and delivered by the solicitor to the Clerk and received by him for filing, it is in law filed from the moment he so receives it. See County Commissioners of Franklin County v. State *ex rel.* Patton, 24 Fla. 55, 3 South. Rep. 471; Jacksonville St. R. Co. v. Walton, 42 Fla. 54, text 77, 28 South. Rep. 59. The file mark is merely evidence of the paper having been filed. See Willingham v. State, 21

Fla. 761, text 789. The statute provides for the setting aside a final decree upon motion and affidavit within twenty days after its entry. See Sec. 1898, Gen. Stats., 1906, Florida Compiled Laws, 1914.

When the decree is actually recorded in the minutes of the court, the formality of entry is completed. Within twenty days from that time the court may upon motion and affidavit for cause shown set aside a final decree. See Gasque v. Ball, 71 Fla. 257, 71 South. Rep. 329; Sec. 1898, Gen. Stats., *supra.*

The rule that deceit, surprise or irregularity in obtaining a decree must be shown to enable the court to open the decree and let in a defense, applies when the application is made more than twenty days after the entry of the decree. See Roebuck v. Batten, 64 Fla. 424, 59 South. Rep. 942; Peoples Realty Co. v. Southern Colonization Co., 78 Fla. 628, 83 South. Rep. 527.

The order in this case is presumed to have been made within twenty days after the entry of the final decree, because there is nothing in the record to show to the contrary. And as no abuse on discretion is shown, the order is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.