COMMERCIAL INVESTMENT TRUST, a Corporation, *Appellant,* v. RANDOLPH CALHOUN, *Appellee.*

En Banc.

Opinion filed March 9, 1929.

*Shackleford & Brown* and *H. C. Tillman* for Appellants;

*Randolph Calhoun,* for Appellee.

BUFORD, J.—In this case the complainant brought a suit in chancery to cancel a lien claimed as it is alleged by the defendant and for a decree to be entered in favor of the complainant in such additional sum as should be found to be due complainant by defendant for damages to the complainant. The caption of the bill names Rudolph Calhoun as complainant and Commercial Investment Trust Corporation, a corporation, as defendant. The bill makes complaint against C. I. T. Corporation. Summons in chancery was issued to Commercial Investment Trust, a corporation. The return of the sheriff shows that the summons was served on an agent of Commercial Investment Trust, a corporation, the return showing the absence of other officers of the corporation. A general appearance was entered in behalf of Commercial Investment Trust, a corporation, by Shackelford & Brown. By stipulation, time was extended to Rule Day in June, 1927, in which to plea or answer to the demurrer to the bill of complaint. The Court made an order extending the time to the Rule Day in June, according to the terms of the stipulation. On the 31st day of May demurrer was filed to the bill of complaint. The demurrer was signed by Shackleford & Brown and to it as appended affidavit as follows:

State of Florida,
County of Hillsborough.

Personally appeared before me, the undersigned authority, W. P. McCoy, who being by me first duly sworn deposes and says: that he is attorney for the defendant, Commercial Investment Trust; that said defendant is a Massachusetts Trust, and none of the members of the said trust are within the State of Florida; and that the foregoing demurrer is not inter-

posed for the purpose of delay.

W. P. McCOY.

Sworn to and subscribed before me this 4th day of June, A. D. 1927.

CALLOWAY K. TYSON,
Notary Public.

My commission expires July 7, 1930.

On the 21st day of July complainant filed a motion for decree *pro confesso* and gave notice that he would bring on for hearing such motion before the Chancellor on the 22nd day of July, 1927. The motion for decree *pro confesso* was granted. A motion was made to set aside the decree *pro confesso,* which motion was filed on the 28th day of July, after the decree *pro confesso* had been entered. The motion was denied.

From the order denying the motion to vacate the decree *pro confesso* appeal was taken and entered on the 9th day of August, 1927. Thereafter, final decree was entered. Separate appeal was taken from the order and from the final decree. It appears from the record that the demurrer was undisposed of at the time the decree *pro confesso* was entered. The order appealed from should be reversed on authority of Milton v. Milton, 62 Fla. 564, 56 So. R. 947; Roebuck v. Batten, 54, Fla. 424, 59 So. R. 942; Johnson v. Johnson, 91, Fla. 275, 107 So. R. 342.

It will be observed that the bill of complaint states no cause of action against Commercial Investment Trust Corporation, a Corporation, but the cause of action stated, if any, is against C. I. T. Corporation and there is no allegation in the bill that ''C. I. T. Corporation'' is identical with Commercial Investment Trust, a Corporation.

340

The order and final decree appealed from are each reversed.

TERRELL, C. J. AND WHITFIELD, ELLIS AND BROWN, J. J. concur.