C. E. AHEARN v. ELSIE L. AHEARN

168 So. 807.
Division B.
Opinion Filed June 12, 1936.

*J. Tom Watson,* for Appellant; ·
*Bryant & Trantham,* for Appellee.

BUFORD, J.—The appeal in this case brings for review an order entered by the Court below made on March 4, 1935, vacating a final decree entered December 10, 1934, and a decree *pro confesso* entered October 1, 1934.

The order of court in that regard is as follows:

"C. E. Ahern v. Elsie Ahern. The foregoing motion coming on to be heard this day, after notice, upon consideration thereof, IT IS CONSIDERED AND ORDERED that the Final Decree entered herein be, and the same is hereby vacated and set aside, and that the decree *pro confesso* heretofore entered against the defendant in this cause, be vacated and set aside, and the defendant is allowed until the 1st day of April, 1935, in which to answer the Bill of Complaint.

"DONE AND ORDERED at Chambers in Lakeland, Florida, this the 4th day of March, A. D. 1935.

"H. C. PETTEWAY, Circuit Judge."

The recital in the order shows that notice of the hearing had been given and we are bound by that recitation. The motion to vacate alleged sufficient facts (if proved) to show that the court had never acquired jurisdiction to enter the decree *pro confesso* or the final decree against the defendant in that neither actual nor constructive service,

as provided for by statute, had been accomplished. However, the certificate of the Clerk of the Circuit Court shows that a copy of the order was mailed to the defendant at the address stated in the affidavit attached to the bill of complaint which is the same address which the defendant alleges as her true address in the motion to vacate the decree *pro confesso*.

No testimony was taken to support the motion to vacate the final decree and decree *pro confesso*. The motion was made long after the final decree had become absolute under Section 43 of the 1931 Chancery Practice Act.

In the case of Friedman, *et al.*, v. Rehm, *et al.*, 43 Fla. 330, 31 Sou. 234, this Court speaking through Commissioner Glen, held:

"To authorize the granting of an application to set aside a final decree which has become absolute under Section 1446 of the Revised Statutes, for the purpose of permitting a defense to be interposed, it must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist excusing the failure to answer at the proper time."

This case has been cited with approval in McFarlane v. Darsey, 49 Fla. 341, 38 Sou. 512; Roebuck v. Batten, 64 Fla. 424, 59 Sou. 942; Turner v. Jones, 67 Fla. 121, 64 Sou. 502; and in Isler v. Slyke, 94 Fla. 1218, 115 Sou. 616.

The showings made for setting aside the final decree and the decree *pro confesso* after the final decree had become absolute, were not sufficient to warrant the entry of the order appealed from. Therefore, the order is reversed and the cause remanded without prejudice to the defendant in the court below, appellee here, to institute and maintain such

cther and further proceedings as she may be advised are appropriate in the premises.

So ordered.

WHITFIELD, C. J., and TERRELL and DAVIS, J. J., concur.

ELLIS, P. J., and BROWN, J., dissent.

ELLIS, P. J. (dissenting).—C. E. Ahearn obtained a decree of divorce against his wife in the Circuit Court for Polk County. The decree rests upon that character of service of process upon the defendant known as substituted service by publication of notice. The final decree was entered in December, 1934, and follows a decree *pro confesso* entered in October preceding for failure of the defendant to appear or plead to the bill.

The defendant, Mrs. Ahearn, in February, petitioned the court to vacate the final decree and allow the defendant time in which to answer the bill because, as the petition avers, the "Clerk did not certify that he had mailed a copy thereof (the order of publication of notice) to the defendant at her place of residence and address," and that a "copy of said Order of Publication was never mailed by the Clerk" and the defendant had no knowledge of the suit.

The Chancellor granted the petition in March, 1935, and C. E. Ahearn appealed. The assignments of error are that the time for moving to vacate a final decree had elapsed when the petition was filed and that the court erred in granting the order.

The Clerk's certificate of publication of the order requiring the defendant to appear recites that "on the_____day of_____, 192__, I mailed to each of the above named defendant__ at their respective places of residence and addresses, as shown by the bill of complaint or affidavit herein, to-wit: to the defendant_____a copy of said order so made in this case."

I do not regard the certificate of the Clerk as to sending by mail to the defendant a copy of the order as a sufficient compliance with the statute. The form used by the clerk was evidently a printed one and he did not fill out the blanks which he would not have done if no notice of the order was in fact sent to the defendant. A certificate from Judge Petteway is on file in this case in which he states that counsel for Mr. Ahearn did have notice of the petition to vacate the decree and that he would not appear in opposition to it.

It is proper to consider that certificate in view of the contention that solicitor for appellant did not have notice of the petition.

The defect in the Clerk's certificate of publication is jurisdictional. It renders the *pro confesso* order void, and a decree based upon a void order of that character is void, not voidable.

The order appealed from should be affirmed.

Brown, J., concurs.