C. B. TURNER, *et al., Appellants,* v. NATHANIEL JONES, *et al., Appellees.*

Opinion Filed February 11, 1914.

1. On the 31st of August, 1912, the Circuit Judge sustained a demurrer to the bill, and required complainants to amend same by the 4th of September, 1912, and defendants to file plea, demurrer or answer to the amended bill by 15th of October. No amendment of the bill was filed, as required by the order. Complainants filed a praecipe for a decree *pro confesso* on the 11th of October, 1912, and the clerk entered a decree *pro confesso* on the 15th of October, 1912, which was not a rule day, and there was no order by the judge for such a decree. Without notice of any sort to the defendants, the judge allowed the complainants to file an amendment to the bill, on the 30th of January, 1913. On the same day, and without notice to the defendants, a final decree was entered against the defendants. On the 20th of September, 1912, defendants filed a petition and notice to vacate the decree *pro confesso* and final decree, alleging, among other things, that they were ignorant of the status of the case, and the fact that the decree above mentioned had been entered, and setting up a meritorious defense. The Circuit Judge committed no error in granting the motion and allowing the answer to be filed.

2. The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be

exercised according to the circumstances of the case, but not where there has been inexcusable negligence in the applicant. Reasonable diligence, and a meritorious defense must be shown.

3. It is the duty of parties to a litigation to take the steps in the progress of a cause which are provided in the Rules of Practice; or when changed by the orders of the court, to follow the orders thus provided, when properly notified of them.

4. Orderly procedure, or proper notice of proposed steps in a cause are essential to the proper administration of justice.

Appealed from Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Decree affirmed.

*Patillo Campbell,* for Appellants;

*Reeves* & *Watson* & *Pasco,* and *Beall* & *Anderson,* for Appellees.

HOCKER, J.—A bill was filed by appellants on October 26, 1911, in the Circuit Court of Escambia County, against the Trustees and Deacons of the "A" Street Baptist Church to enforce an alleged lien against the property of the church. On the 4th of December, 1911, the defendants filed a demurrer to the bill. On the 31st of August, 1912, the Circuit Judge sustained the demurrer, and required the complainants to amend their bill by the 4th of September, 1912, and the defendants to file their pleas, answer or demurrer to the amended bill by the 15th of October, 1912. No amendment of the bill was filed as required. The complainants filed a præcipe for

a decree *pro confesso* against the defendants on the 11th of October, 1912, and the clerk entered a decree *pro confesso* on the 15th of October, 1912, which was not a Rule Day, and there was no order by the judge for a *decree pro confesso*. Without notice of any sort to the defendants, the Circuit Judge (no doubt inadvertently) allowed the complainants to file an amendment to the bill on the 30th of January, A. D. 1913, after the expiration of the time fixed in his order. The clerk entered a decree *pro confesso* against the defendants on the 15th of October, 1912, which, as we have said, was not a rule day, and there was no order by the judge for the entry of such a decree. On the same day on which the amendment was allowed to be filed, *viz.*: 30th of January, 1913, and without notice to the defendants, a final decree was granted against them. On the 20th of September, 1913, a petition and motion were filed with the Circuit Judge to vacate the decree *pro confesso* and final decree alleging, among other things, that they were ignorant of the status of the case and of the fact that a final decree had been entered, and setting up that they had a meritorious defense to the suit. On the same day the solicitor for complainants filed the following motion:

"Now come before me the complainants and move for an order directing the clerk of the Circuit Court of Escambia County, Florida, to indorse the amendment to the original bill of complaint as having been filed on August 31st, A. D. 1912.

Patillo Campbell,<br>Solicitor for Complainants."

This was accompanied by the following affidavit:

"This day, before the undersigned, personally appeared Patillo Campbell, who being duly sworn, deposes and says that he is solicitor for above named complainants;

that on the 31st day of August, A. D. 1912, he delivered to the clerk of the Circuit Court of Escambia County, the amendment of the original bill of complaint, which amendment was received by said clerk, to be kept in his official custody; that it is the belief of the affiant that the said amendment has been on file with all the other papers in said case in the office of the said clerk, since the said 31st day of August, 1912.

Patillo Campbell.

Sworn to and subscribed before me, this 19th day of September, A. D. 1913.

L. W. Nelson, Notary Public."

At the hearing of this motion the judge made the following order:

"This cause coming on to be heard this 20th day of September, 1913, upon the motion, affidavit and answer under oath of the defendants, and same having been duly heard after argument of respective parties' counsel, and duly considered by the court, it is ordered, adjudged and decreed that the decree herein entered on the 30th day of January, 1913, be and the same is hereby vacated and set aside, and the defendants allowed to file the sworn answer herewith submitted. It is further ordered that the complainants have until the 30th day of September, 1913, wherein to file replication or other pleadings as they may be advised to said answer.

It is further ordered that the defendants' motion to allow clerk, or compel clerk of this court to change or alter his record and put file mark on the amendment to the bill be and the same is hereby denied.

Done and ordered at Pensacola, Fla., this the 20th day of September, 1913, in Chambers.

J. Emmet Wolfe,
Judge."

The answer of defendant is not before us.

From this order the complainants below took an appeal to this court.

The assignments of error question the order on two points: First, that the court erred in granting the motion to vacate and set aside the decree entered on the 30th of January, 1913, and allowing the defendants to file a sworn answer; and, second, the court erred in denying complainant's motion to allow the clerk of the court to place his file mark on the amendment to the original bill. In reviewing these assignments it is unnecessary to examine all the decisions of this court discussing the power and duty of the Circuit Judge in vacating and setting aside decrees *pro confesso* and final decrees. So far as we can discover no one of them deals with facts like those in the instant case. In the case of Prout v. Dade County Security Company, 55 Fla. 816, 47 South. Rep. 12, it is said: "The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside when it is the consequence of the defendant's own negligence. The rule is, that motions of this character address themselves to the sound discretion of the court, and the exercise of this discretion will not be interfered with by the appellate court, unless there has been a gross abuse of that discretion." It is also said that "to entitle the defendants to have the court open a decree *pro confesso* they must have shown both reasonable diligence and a meritorious defense."

In Friedman v. Rehn, 43 Fla. 330, 31 South. Rep. 234, it is said: "To authorize the granting of an application to set aside a final decree, which has become absolute under section 1446 of the Revised Statutes, for the pur-

pose of permitting a defense to be interposed, it must be shown that there was deceit, surprise or irregularity in obtaining the decree, that the defendant acted *bona fide* and with reasonable diligence, that he has a meritorious defense, and that strong and unavoidable circumstances exist, excusing the failure to answer at the proper time." It is the duty of parties to a litigation to take the steps in the progress of the cause which are provided in the rules of practice, or when varied by the orders of the court to follow the order thus provided when properly notified of them. Parties must take notice of these rules and orders and see to it that their papers are properly filed so that the opposite party may be advised. But when these are not followed, and an order or decree are made without notice to the opposing party, we cannot say that a Circuit Judge committed an abuse of a sound judicial discretion in vacating and setting aside such orders and decrees when there has been no unreasonable delay in applying therefor, and an answer tendered to be filed setting up what appears to be a meritorious defense. Orderly procedure or proper notice of proposed steps in a cause are essential to the proper administration of justice.

We find no error in the action of the judge in refusing to order the clerk to endorse the amendment to the bill as having been filed on August 31st, 1912.

The decree appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.