T. E. SUTTON, *Appellant,* v. W. K. ZEWADSKI, JR., *Appellee.*

Opinion filed Nov. 19, 1915.

Petition for rehearing denied Jan. 5, 1916.

1. The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of the case, but not where there has been inexcusable negligence in the applicant. Reasonable diligence, and a meritorious defense must be shown.

2. It is the duty of parties to a litigation to take the steps in the progress of a cause which are provided in the Rules of Practice; or when changed by the orders of the court, to follow the orders thus provided, when properly notified of them.

3. Orderly procedure, or proper notice of proposed steps in a cause are essential to the proper administration of justice.

4.  In a suit in equity, as well as in an action at law, every presumption is in favor of the correctness of the rulings of the trial judge.

Appeal from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree and order affirmed.

*Lunsford & Shackleford,* for Appellant;

*Guy B. Zewadski,* for Appellee.

PER CURIAM. On the 21st day of May, 1914, W. K. Zewadski, Jr., filed his bill of complaint against T. E. Sutton. On the 6th day of July, 1914, the defendant filed his answer to the bill, incorporating therein certain special matters as a defense for which he claimed the same benefit as though he had formally pleaded the same, in accordance with the provisions of Section 1871 of the General Statutes of Florida. On the 3rd day of August, 1914, the complainant filed a petition for leave to amend his bill, reciting in his petition that by reason of certain matters and things contained in the answer it had become "necessary to allege new facts, in order to get a complete answer." On the same day that the petition was filed the Circuit Judge made the following order:

"The above styled cause coming on this day to be heard upon the foregoing motion, without notice to the defendant, it is thereupon, upon due consideration thereof, ordered and decreed that the petitioner have leave to amend his bill as may be desired; said amended bill to be filed by the next succeeding Rule Day."

On the same day the complainant filed his amended bill in which he repeated all the material allegations contained in his original bill and also alleged additional matters. On the 7th day of September, 1914, the complainant filed his praecipe for a decree *pro confesso,* which evidently was not acted on, and on the same day the defendant filed his motion to vacate the order allowing the complainant to file his amended bill and to strike the amended bill from the files, for certain reasons and grounds set forth in such motion. On the 1st day of October, 1914, the court made an order, denying the motion to dismiss and stating therein that such motion was not well founded in law, which order, for some reason which is not made to appear, was not filed until the 26th day of October, 1914. On the 2nd day of November, 1914, the complainant filed another praecipe for a decree *pro confesso,* which apparently was not acted upon by the Clerk and on the 7th day of November, 1914, the court made the following order:

"The above entitled cause coming on to be heard upon the motion of the complainant for a decree pro confesso, and it appearing to the satisfaction of the court that complainant's bill of complaint was filed May 21, 1914, and defendant's answer filed on the Rule Day in July, 1914, and Complainant's Amended Bill of Complaint filed on the Rule Day in August, 1914, and that the defendant moved for the dismissal of the amended bill on the Rule Day in September, 1914, which motion was overruled, 'and has since failed to file any new or supplemental answer, or plead or demur to the said Amended Bill of Complaint,

"It is thereupon Ordered, Adjudged and Decreed that the statements and Allegations contained in the said

Amended Bill of Complaint are taken as confessed and a decree pro confesso entered against said defendant."

On the 21st day of November, 1914, the court made an order, referring the cause to a special master to take the testimony therein, on the same day the special master filed his report of the testimony, and on the same day the cause came on for a final hearing upon the pleadings, and the testimony so reported by the special master and a final decree was rendered by the court in favor of the complainant and against the defendant, wherein the mortgaged premises were ordered sold for the payment of the amount found to be due from the defendant to the complainant. On the 11th day of December, 1914, the defendant filed his motion to set aside the decree *pro confesso,* to vacate the order of reference to strike from the files the special master's report and also to vacate the final decree, upon the grounds and for the reasons set forth in such motion. On the 19th day of December, 1914, the court made the following order upon such motion:

"This cause coming on this day to be heard in open court, at the fall term thereof, 1914, upon the motion of the defendant to set aside the decree pro confesso made and signed by the court in said cause the 7th day of November, 1914, and to set aside and vacate the order of reference made and signed by the court in said cause on the 16th day of November, 1914, and to vacate and set aside and to strike from the files in said cause the master's report and findings made in said cause the 21st of November, 1914, and to vacate and set aside the final decree made and signed by the court in said cause the 24th day of November, 1914, which motion appears of file in said cause marked 'Filed, December 11th, 1914,' by the Clerk of said Court, and the par-

ties being present or represented by their solicitors, to-wit, the complainant being present in person and represented by G. B. Zewadski, Esquire, his solicitor, and the defendant being represented by J. J. Lunsford, Esquire, his solicitor, and the court having considered the said motion together with the affidavits of the defendant and of J. J. Lunsford, solicitor for the defendant, thereto attached, as well as the proposed answer of the defendant thereto attached and therein referred to, and which the defendant in and by said motion asks leave to file, in which is incorporated matters of plea and demurrer, and the court having fully considered the said motion, affidavits and proposed answer, plea and demurrer, and heard argument of solicitors for complainant and defendant thereon;

"It is Considered, Adjudged, Ordered and Decreed that the said motion be and the same is hereby denied; and the defendant at the time of the making of this order having applied to the court in open court to fix the amount and condition of supersedeas bond which the defendant shall be required to file in said cause to entitle the defendant to a supersedeas of the said final decree upon entry of appeal in said cause;

"It is Further Considered, Adjudged, Ordered and Decreed That an entry of appeal in said cause by the defendant shall operate as supersedeas if taken within the time fixed by law for taking a writ of error as of course as a supersedeas, and the filing with the clerk of this court in said cause of a supersedeas bond with two good and sufficient obligors approved by the clerk of this court in the sum of seven hundred dollars, payable to the complainant, conditioned to pay the amount of the said final decree

with interest and costs if the same shall be affirmed by the Appellate Court."

The defendant has entered his appeal from the final decree and also from the order denying his motion to vacate the decree *pro confesso* and the final decree and has assigned the following errors:

"1.   The court erred in entering the decree pro confesso in said cause on the 7th day of November, 1914.

"2.   The court erred in the entry of its final decree in said cause on the 21st day of November, 1914, as the same is now recorded in Minute Book 29 of said Court, beginning on page 74.

"3.   The court erred in denying and in entering its order denying the motion of the defendant to set aside decree pro confesso, and to set aside the order of reference to a Master, and to set aside and strike from the files the Master's report and findings in said cause, which motion was filed on December 11th, 1914, and which order denying the said motion was made on the 21st day of December, 1914, respectively on each of the grounds of the said motion.

"4.   The court erred in denying and in entering its order denying the defendant's motion to vacate and set aside the final decree made and signed by the said court in said cause, which said motion was filed in said cause on December 11th, 1914, and which said order was entered in said cause on the 21st day of December, 1914, respectively upon each of the grounds of said motion."

We have considered these assignments in connection with the transcript of the record and the briefs of the respective counsel, but see no useful purpose to be accomplished by discussing them in detail. Neither have we deemed it necessary or advisable to set forth the dif-

ferent pleadings to which we have referred or even to give a synopsis thereof, as we are of the opinion that a few settled principles of law·will próve decisive of the entire matter.

We are not advised by the record when the defendant was informed of the filing of the amended bill, which, as we have already said, was filed on the 3rd day of August, 1914, though the defendant evidently knew of the filing of such amended bill on the 7th day of September, 1914, when he filed his motion to strike the same from the files. It is obvious from even a casual examination of such amended bill that the new matters set forth therein destroyed the force of the answer to the original bill as a defense and required an answer to the bill as so amended. Instead of filing such new answer, the defendant saw fit to file his motion to strike the amended bill from the files. We are clear that this motion was not well founded in law and that the order of the court denying the same was proper. Conceding that, although such order was made on the 1st day of October, 1914, that the defendant did not know of the same until after the 26th day of such month, when the same was filed, yet the defendant still remained inactive and took no steps toward making a defense. This being true, we think that the court was warranted in making the order on the 7th day of November, 1914, entering a decree *pro confesso* against the defendant. We also are of the opinion that the final decree rendered on the 21st day of November, 1914, was warranted by the pleadings and the proofs. Still the defendant did nothing until the 11th day of December, 1914, when he filed his motion to vacate the decree *pro confesso* and the final decree. No error is made to appear to us in the order denying this motion. We fully approve of our hold-

ing in Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502, which is cited and relied upon by the defendant, but the facts and circumstances in the two cases are quite dissimilar. As we held in the cited case, "The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of the case, but not where there has been inexcusable negligence in the applicant. Reasonable diligence, and a meritorious defense must be shown.

"It is the duty of parties to a litigation to take the steps in the progress of a cause which are provided in the Rules of Practice; or when changed by the orders of the court, to follow the orders thus provided, when properly notified of them.

"Orderly procedure, or proper notice of proposed steps in a cause are essential to the proper administration of justice."

Also see the reasoning and the opinion in Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234, which is cited therein. As we have repeatedly held, in equity, as well as at law, every presumption is in favor of the correctness of the rulings of the trial judge. See Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34.

No reversible errors having been made to appear to us, the decree and order appealed from must be affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.