## No. 10,051.

## JEWEL *v.* JEWEL.

Decided April 3, 1922.   Rehearing denied July 3, 1922.

Action by divorced wife for additional alimony.   Judgment of dismissal.

### *Reversed.*

1.   DIVORCE AND ALIMONY—*Alimony—Modification of Decree.*   A court of equity by virtue of its general powers has authority to modify a decree relative to alimony, when changed circumstances make it just and necessary.

2.   *Alimony—Modification of Decree—Jurisdiction of Courts.*   A decree for a divorce and alimony was granted in the county court.   Several years thereafter the wife commenced an action in the district court for additional alimony.   *Held,* that the action was not one to modify the county court decree—the amount involved being in excess of its jurisdiction—but an independent suit for equitable relief, which the district court had power to grant.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Messrs. COEN, MALLORY & PAYNTER, for plaintiff in error.

Mr. JAMES E. JEWEL, *Pro. se,* Mr. BENJAMIN GRIFFITH, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error began a suit in the district court, and by her complaint alleged that she and the defendant were married in 1871, and were divorced on August 6, 1914.   The divorce was obtained in a suit in the county court begun by the defendant in error, and in which the plaintiff in error filed a cross-complaint; the divorce was

granted upon the cross-complaint. The decree gave to plaintiff in error possession during life, of a large house in Fort Morgan, Colorado, in which the complaint alleges plaintiff had lived during the succeeding years and supported herself and defendant's daughter by renting rooms in said house.

The complaint further alleged that the plaintiff was of the age of sixty-seven years, a chronic sufferer from Brights disease, and with vitality so impaired that she was unable to do the work necessary for the care of said house; that she had no other source of income; that she has been compelled to pay a thousand dollars to reduce a mortgage on the property to prevent foreclosure, and that she is unable to support herself on the alimony allowed her by said decree; that the defendant has an income from the practice of law and is possessed of considerable real estate in Morgan county and elsewhere, and is worth approximately $50,000, over and above all debts and liabilities; that the plaintiff, during the entire married life of forty-three years, kept roomers and boarders and earned considerable sums of money, which she contributed to the joint fund; that the defendant, in order to induce her to consent to the decree concealed from her the fact that he was the owner of a ranch of the value of $30,000. She further alleges that a fair and proper award to her by way of alimony from the estate of the defendant would be $20,000; that by reason of the fact that the decree was entered in the county court, in which the jurisdiction is limited to $2,000, she is unable to have said decree modified by a proceeding in that court. Wherefore she prays judgment for alimony in the said sum of $20,000 and for other equitable relief, etc.

A demurrer was filed to the complaint alleging that the district court had no jurisdiction to modify the decree of the county court; that the complaint fails to state facts sufficient to constitute a cause of action, and that it is barred by lapse of six months from the granting of the divorce. The demurrer was sustained and the cause is now before us for review on error.

That a court of equity by virtue of its general powers has authority to modify a decree relative to alimony, when changed circumstances make it just and necessary, is asserted by this court in *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1060.

The complaint states facts, which, if established, would fully justify a judgment in favor of the plaintiff. This is not as defendant in error supposes, an attempt to modify the decree of the county court; it is an independent suit presenting equitable grounds for relief, and the authorities cited by defendant in error are not in point. That the county court would not have jurisdiction because of the amount involved cannot be disputed, and unless equity can give relief in an independent proceeding in the district court, there would be no relief possible to the plaintiff. If it is true, as plaintiff alleges, that she aided largely in accumulating the property now held by the defendant, it would be intolerable that she, having become unable by virtue of age and sickness, to support herself, and the defendant still having this property, should not be entitled to a reasonable support out of it.

As to the power of the district court to give relief in a case of this kind we have no question; it being impossible to transfer the case from the county court to the district court and thus allow the question to be litigated in the original proceeding. The district court erred in sustaining the demurrer.

The judgment is accordingly reversed and the cause remanded with directions for further proceedings in harmony with the views herein expressed.

MR. JUSTICE ALLEN and MR. JUSTICE BAILEY concur.