ORLANDO C. FORBES and FLORA R. FORBES, his wife, *Appellants*, v. R. W. WALLER and BERTHA F. SHIPPEY, by her friend and husband, FRED B. SHIPPEY, *Appellees*.

Division A.

Opinion filed April 13, 1929.

*McCune, Casey, Hiaasen & Fleming* and *H. C. Tallmadge,* for Appellants;

No appearance for Appellees.

ELLIS, J.—This is a suit to enforce a mortgage lien upon certain real estate, which is described in the mortgage which was attached to the bill and by apt words made a part of it. The mortgagors were E. R. Bennett and wife; the mortgagees, who are the complainants, are R. W. Waller and wife. Orlando Forbes and wife were made defendants because it is alleged that they claim some interest in the property; that in February, 1925, they executed a mortgage upon the property to Bennett and wife complainants, mortgagors, and that mortgage is subordinate to the one executed by Bennett and wife to complainants.

Smith Rogers was made a defendant because it was alleged that he held a first mortgage upon the property to secure a debt of $2,000.00.

The bill was filed March 25, 1927, and on May 2, 1927, Forbes and wife demurred. On June 17th following Forbes and wife moved to dismiss the bill of complaint because the complainants had failed to set the demurrer down for argument on the succeeding rule day after the demurrer was filed and had failed to set the same down to the date of the motion.

The court overruled the motion and allowed complainants until the rule day in July, 1927; to set the demurrer down for argument. From that order Forbes and wife appealed.

The complainant may under the rule set down a demurrer to the bill of complaint to be argued. See Rules Equity Actions 50.

Rule 55 provides that if complainant shall not set down a demurrer for argument on the rule day when the same

is filed or by the next succeeding rule day he shall be deemed to admit the truth and sufficiency of the demurrer and his bill shall be dismissed as of course unless the court or judge shall allow him further time for the purpose.

When the court denied defendant's motion to dismiss the bill it had not previously allowed the complainants further time in which to set the demurrer down for argument, but the order recited that it appeared that further time should be allowed.

We commend the learned counsel for the Appellants for the able discussion in their brief upon the importance of a rule which is obviously designed to expedite the business of the courts and we may be permitted to express the hope that the example of diligence and promptness with which they acted in this matter shall be followed by bench and bar. While the court agrees with counsel upon the proposition that the rule prescribed by the court acting within its authority have the force of law and must be complied with, Sutton v. Zewadski, 70 Fla. 379, 70 So. R. 433, we should not forget that rules for the conduct of litigation are made to facilitate the trial of causes upon their merits to the end that substance may not be sacrified to form nor the justice of a cause entangled in the meshes of an elaborate technique.

We think that the rule vests in the chancellor a discretion to be exercised in a proper case. Its very language precludes any other thought. In the rule quoted there are unmistakably two ideas conjoined by the phraseology in which it is framed. They are that the bill shall be dismissed under certain conditions and the chancellor may interpose and modify those conditions.

The reason behind it is obvious. The complainant may have stated in his bill a good case. If the facts are admitted he is entitled to the relief sought. A demurrer

containing no merit may have been interposed to the bill. Before the succeeding rule day the complainant or his counsel may be unavoidably absent. It would be a confession of weakness, a proof of judicial incompetency to say that the complainant must be denied the justice to which he is entitled upon the merits because of the inflexible character of a rule of procedure which required of him the impossible. Upon the other hand the dignity of the court, the beneficence of the law and the efficiency of procedure are demonstrated by the exercise of a discretion which enables the parties to proceed with the hearing upon the merits.

There is little or no analogy between rule 55 and rule 67. The former deals with demurrers, the latter with answers which if not expected to or are deemed sufficient the cause comes to an issue at once on the merits. If the complainant does not speed the cause it may well be taken as an admission of its weakness on the facts which he better than any one is in position to know. If no excuse exists for the delay of justice, why should a cause without merit encumber the court's docket? The same reason and end of justice which requires a meritorious cause to be retained and determined requires one without merit to be dismissed.

The order of the chancellor was made in the exercise of the discretion vested in him by the rule and there appears to be nothing in the record affirmatively showing any abuse of such discretion.

The order is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.