No. 12,894.

CANARY *v.* CANARY.
(3 P. [2d] 802)

Decided October 5, 1931.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for plaintiff in error.

Mr. JOEL E. STONE, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This was an action to modify a judgment for permanent alimony. Plaintiff in error is hereinafter referred to as the husband and defendant in error as the wife.

While a divorce action, brought by the wife, was pending, the parties, by contract, settled their property rights. That contract was incorporated in the final decree and its terms became the judgment of the court. Alleging changed conditions, which made enforcement of this decree inequitable and impossible, the husband filed his "Application for Modification." To review the judgment denying that application he brings error, asks that the writ be made a supersedeas, and that on this hearing final judgment be entered.

The application was filed April 7, 1931. The record discloses no pleading of any kind thereto. It was disposed of May 9, by the following order: "It is hereby ordered by the court; objection sustained and motion to modify decree dismissed. It is further ordered that motion for new trial be dispensed with." The only material matter disclosed by the bill is a short offer of proof, its rejection by the court and counsel's exception to the ruling.

It thus appears that there is nothing to supersede, save the judgment for costs. However, for reasons unnecessary here to enumerate, we elect to dispose finally of the cause under this application, and treat the objection thereto as a demurrer.

■ That the trial court retained jurisdiction to hear such an application as the one here presented, and was charged with the duty, in a proper case, to grant it, is admitted. *Prewitt v. Prewitt*, 52 Colo. 522, 524, 122 Pac. 766; *Jewel v. Jewel*, 71 Colo. 470, 207 Pac. 991; *Warren v. Warren*, 116 Minn. 458, 133 N. W. 1009; *Lewis v. Lewis* (Nev.), 2 P. (2d) 131.

■ It is, however, vigorously contended by counsel for the wife that this is not a proper case, because no

showing was made of want of equity in the decree or of impossibility of compliance therewith. Immaterial allegations in the application, and offers of evidence thereon, furnish some support to this position. However, it is alleged: "That it is absolutely and physically impossible for defendant to keep on making the payments provided for in said decree, and that said condition of affairs was brought about wholly and solely by matters entirely beyond control of defendant, and due chiefly to the depressed business conditions which have prevailed throughout the United States for a considerable time past."

In the state of the record we must assume that this allegation was sufficiently specific to satisfy counsel for the wife. On that allegation then, the husband was entitled to be heard. He offered proof thereof by a qualified witness. That offer was rejected by the court with the statement, "I assume the petition is true, as there is no answer to it." The application was dismissed because it contained no allegation of fraud, mistake, overreaching, unfairness or inequity, which allegations the court held essential in a case where, with full knowledge and open eyes, the parties had fixed their rights by contract incorporated in the decree. In this the court was in error, as held in the cases above cited. Financial reversals may sometimes be as potent to induce modification as any of the causes specified by the trial court. The applicability of this rule in the instant case more clearly appears from the husband's allegations that he has heretofore transferred to his wife more than $50,000 in money and property, that of the $50,000 which by the decree he was bound to pay at the rate of $400 per month he has paid $13,500, and that his own financial affairs have become so demoralized that he is no longer in receipt of any taxable income.

The judgment is accordingly reversed with directions to the trial court to permit the wife to answer the appli-

cation, if she be so advised, and to proceed with a determination of the cause on its merits.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.