STATE, *ex rel.* FRANK H. WILLARD, v. THE HONORABLE W. T. HARRISON, Judge of the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County.

183 So. 464.
Division B.
Opinion Filed December 20, 1937.
On Rehearing January 17, 1938.
On Answer to AlternativeWrit, June 1, 1938.
On Further Rehearing October 7, 1938.

*Sutton, Tillman, Reeves & Hobbs, John B. Sutton, G. L. Reeves,* and *Robert H. Anderson,* for Relator;

*J. D. Gill* and *John B. Singeltary,* for Respondent.

CHAPMAN, J.—This is a case of original jurisdiction. On May 17, 1937, relator filed a petition for a writ of mandamus in this Court and alleged, among other things, that the Circuit Court of Sarasota County, on October 18, 1932, entered a final decree of divorce between Priscilla Willard and Frank H. Willard and therein awarded the custody of their two minor children during the school term to the mother, and to the father during the vacation period. He was required by the final decree to pay to his wife the sum of $150.00 per week from the date of entry and continue until that period when he created a trust fund in the sum of $150,000.00, when the income from said trust fund was to be substituted for the weekly alimony of $150.00. These weekly payments were to be made to her for her support and maintenance. The first step in the creation of the contemplated trust fund was to maintain and otherwise pay premiums on retirement annuity policies in the total sum of $150,000.00, and in the event of Frank H. Willard's death the moneys arising from these two policies should be substituted for the trust fund, provided the trust fund was not fully established prior to his death. Other details of the decree controlled or disposed of the property rights of the parties but unnecessary to recite in this opinion. The petition recited full payments of weekly alimony required by the decree to Priscilla Willard, but due to changed conditions relator was not able to carry out the alimony provisions of the final decree. It is alleged that since the entry of the decree in October, 1932, Priscilla Willard intermarried with Charles Richard Walpole, a young man approximately thirty-one years of age, engaged in the insurance business, and capable of earning money sufficient to support himself and wife; that the income of Frank H. Willard has been impaired and he cannot continue to pay

alimony to his former wife. There is no provision expressly made a part of the final decree wherein the Circuit Court should retain jurisdiction of the cause and the parties for a further and later order. It is possible such authority exists independently of the terms and conditions of the final decree.

Frank H. Willard, by his counsel, filed in the Circuit Court of Sarasota County a petition for a rule against Priscilla Willard Walpole to show cause why the final decree dated October 18, 1932, should not be altered or modified, and upon hearing before the court an order was entered sustaining a motion to quash the rule previously issued on the ground that the court was without jurisdiction to entertain the application, or to alter or modify, the final decree with respect to support and maintenance payment to his former wife. Attached to the petition filed here is a copy of the final decree and motion to modify the same with reference to weekly payments of support and maintenance money, and an order thereon dated May 10, 1937, entered by the Honorable W. T. Harrison, a Judge of the Twelfth Judicial Circuit of Florida, and the pertinent portions of the order so entered are, viz.:

"It is therefore CONSIDERED, ORDERED and ADJUDGED that this Court is without jurisdiction to hear, modify or change the decree on this petition.

"It is FURTHER CONSIDERED, ORDERED and ADJUDGED that the said motion to modify the final decree is denied because of lack of jurisdiction of the Court to consider the same, and the rule nisi heretofore issued be, and the same is hereby quashed."

On May 17, 1937, an alternative writ of mandamus issued, directed to the Honorable W. T. Harrison, Judge, commanding him to entertain, consider and determine the

relator's application for modification of the provisions of the final decree of the Circuit Court of Sarasota County in the case of Willard v. Willard, dated October 18, 1932, and to make such order therein as the law and evidence warranted according to equity and good conscience, or that he show cause for refusing so to do.

On May 25, 1937, respondent filed in this Court a motion to quash the alternative writ of mandamus previously issued and the grounds of said motion were, viz.:

"FIRST: Because said alternative writ does not show any duty enjoined by law upon the respondent which he has failed to fully and duly perform.

"SECOND: Because it affirmatively appears upon the face of said writ that every duty enjoined or cast upon respondent by virtue of said petition in said writ mentioned and by the filing and presentation thereof has been by said respondent fully performed.

"THIRD: It is apparent upon the face of said writ that upon the filing of the petition therein mentioned and the motion to quash the same as in said petition set forth, the same came on to be heard before the respondent as Judge of said Court, and was duly considered by respondent as Judge of said Court, and upon full and due consideration thereof, it was by said Court considered, ordered, adjudged and decreed that the motion or petition of the petitioner, Frank H. Willard, defendant in said cause, to modify the final decree in said cause long before then rendered and entered be denied, and it was further considered, ordered and decreed by said Court that the motion of the complainant, Priscilla Willard, to quash the rule nisi in said writ mentioned should in the opinion and discretion of said court be granted and said rule nisi be and the same was by said Court quashed.

"FOURTH: That the respondent has not declined to act nor refused to perform the judicial functions of the Court as required in and by the petition and motion to quash in said writ mentioned and by the record in said cause presented, but in and by his order disposing thereof has denied the relief sought for the reasons stated in said order.

"FIFTH: It is apparent upon the face of said writ that the relator has a full, adequate and complete remedy by way of appeal.

"SIXTH: It is apparent upon the face of said writ that the relief therein and thereby sought is not to require the Court to perform a judicial function denied by the Court but to regulate and control the judicial discretion or judgment of the Court."

The sole question here for decision is: Was the lower court without jurisdiction to hear, modify or change the decree dated October 18, 1932? The grounds urged for such change or alteration are changed conditions among the parties since the entry of the decree, viz.: (a) remarriage of Priscilla Willard; (b) impairment of income of Frank H. Willard; (c) impossibility of performance of decree due to changed financial conditions of Frank H. Willard. While the final decree is silent about a hearing and relitigation of the issues previously put at rest, we cannot overlook the effect of time on all human activities. It is useless to point out that marriage, death, and financial affairs materially affect humanity and not to be able to inquire into their influence upon us in a lawful manner and determine changed conditions it appears would be harsh. This Court held in Carlton v. Carlton, 87 Fla. 460, 100 Sou. Rep. 745, that a divorced wife who married another man not entitled to alimony from her divorced husband. It is alleged that Priscilla Willard had remarried and support and maintenance money in the sum of $150.00 per week was paid to

her by her former husband under the terms of the decree dated October 18, 1932. Chapter 16780, Acts of 1935, authorize Courts of Florida to hear, alter, amend or modify decree and is, viz.:

"Section 1. Whenever any husband and wife heretofore, or hereafter, shall have entered into any agreement providing for the payments for, or in lieu of, separate support, maintenance or alimony, whether in connection with any action for divorce or separate maintenance, or with any voluntary property settlement, or whenever any husband has pursuant to the decree of any court of competent jurisdiction been required to make to his wife any such payments, and the circumstances of the parties or the financial ability of the husband shall have been changed since the execution of such agreement, or the rendition of such decree, either party may apply to the Circuit Court of the Circuit in which the parties, or either of them, shall have resided at the date of the execution of such agreement, or shall reside at the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, for an order and judgment decreasing or increasing the amount of such separate support, maintenance or alimony, and the Court, after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in such agreement, or in such decree, and thereafter the husband shall pay and be liable to pay the amount of separate support, maintenance or alimony directed in such order and judgment, and no other or further amount, and such agreement, or such decree, for the pur-

pose of all actions or proceedings of every nature and wherever instituted, whether within or without this State, shall be deemed to be, and shall be, modified accordingly, and it shall be unlawful to commence, or cause to be commenced as party, or attorney, or agent, or otherwise, in behalf of either party in any court any action or proceeding otherwise than as herein provided, nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment.

"Section 2. This Act is declaratory of existing public policy and laws of this State, which is hereby affirmed and confirmed in conformance with the provisions hereof, and it shall be the duty of the Circuit Courts of this State to construe liberally the provisions hereof in order to effect the objects and purposes hereof and the public policy of the State as hereby declared."

Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68.

We comment upon, without deciding, that courts may have the right to alter, amend, or modify decrees of alimony and award custody of children where the right is not specially reserved in the final decree and to do so independently of the statute, *supra*. The welfare of those affected by such a decree should be heard when the exigencies of each case require it. Such a conclusion seems to be approved by Schouler on Marriage and Divorce, Sixth Edition, Volume 2, pages 1993-1995, par. 1831, viz.:

"Modification can only be ordered on proof of conditions, as the decree is final as to conditions existing at the time, and a slight change is not enough to warrant modification. The husband's financial inability or the wife's wealth may not be alone ground for modifying the award, but the whole question is in the absolute discretion of the court.

"Alimony may be changed on grounds connected with the support of the children, or may be increased where it becomes inadequate, as where the wife becomes helpless and needs more than before. Alimony may be reduced where the husband's income is decreased, as where the illness of the husband has caused him large expense and the wife needs less than before, or where the wife inherits property sufficient for her needs.

"A decree decreasing insurance may be modified by providing that it shall be the property of the wife, or, on the other hand, a decree of alimony may be changed or cut off altogether on evidence that the libellee has taken up an open life of shame. The courts will not permit vice to flaunt its banner unchallenged. The court may also change alimony into a permanent division of property between the parties."

It having been determined here that the court below had jurisdiction to hear the parties and make and enter such orders or decrees as the facts and law justified but refused or declined so to do, presents a clear case for the functions and prerogatives of a peremptory writ of mandamus as was said in the case of State, *ex rel.* Dillman, v. Tedder, 123 Fla. 188, text pages 199-200, 166 Sou. Rep. 590, when it was said:

"A court must proceed in the administration of justice within the limitations of its power. If it undertakes to proceed outside such limitations and subject a litigant's property or right to liberty to the demands of an adversary it is no longer a court of justice, whatever else it may be. No amount of judicial discretion can supply a defect or want of jurisdiction. Bradley, *Ex Parte,* 7 Wall. (U. S.) 364, 19 L. Ed. 214; *Ex Parte* U. S. 242 U. S. 27, 37 Sup. Ct. Rep. 72, 61 L. Ed. 129; 38 C. J. 612.

"Orderly procedure is essential to the proper administration of justice. Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502. The court has inherent power to prevent abuse of court procedure. Ray v. Williams, 55 Fla. 723, 46 South. Rep. 158. It must facilitate and not retard the determination of a litigated cause. White v. Crandall, 105 Fla. 70, 137 South. Rep. 272.

"The corollary follows that the court has no power to ignore court procedure.

"This proceeding is not for the purpose of correcting an error committed while exercising jurisdiction, which is not permissible, *Ex Parte* Brown, 116 U. S. 401, 29 L. Ed. 676, 6 Sup. Ct. 387; State, *ex rel.* Matheson, v. King, 32 Fla. 416, 13 South. Rep. 891, but to compel the judge to observe court procedure to the end that he may exercise judgment or discretion in the determination of the cause."

The motion to quash the alternative writ interposed by the respondent is overruled and denied and a peremptory writ ordered in accordance with the commands of the alternative writ.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

CHAPMAN, J.—It has been brought to the attention of this Court by petition for rehearing and motion in this cause that the respondent has a full and sufficient answer to said alternative writ of mandamus previously issued, but is precluded from a presentation or hearing thereof because of the order awarding a peremptory writ in accordance with the commands of the alternative writ. These facts were not apparent upon the record when the order now complained of was entered and the suggestion of the exist-

ence of these facts for the first time was made known to the Court by the petition and motion, *supra*. The petition for a rehearing in this cause is hereby overruled and denied but the motion to modify the order previously entered is granted so as to permit and allow the respondent ten days in which to file an answer or other pleadings as he may be advised to the said alternative writ and to furnish copy thereof to opposing counsel, who are hereby allowed five days from date of receipt of same in which to file such a pleading or pleadings thereto as advised and to supply a copy thereof to counsel for respondent.

WHITFIELD, P. J., and BROWN, J., concur.

WILLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON ANSWER TO ALTERNATIVE WRIT.

PER CURIAM.—In an answer filed by the Honorable W. T. Harrison, Judge of the Circuit Court of Sarasota County, Florida, to an alternative writ of mandamus previously issued by this court in this cause it has been made to appear by the said respondent that the Circuit Court of Sarasota County, Florida, is without power to entertain, consider or modify a final decree dated October 18, 1932, between Priscilla Willard and Frank H. Willard, entered by the Circuit Court of Sarasota County, Florida, for the following reasons: (1) That Chapter 16780, Acts of 1935, did not confer such power on the Court; (2) that the Court did not have the power under its equity jurisdiction; (3) the Court did not retain jurisdiction of the final decree; (4) change of conditions in the status of the parties is insufficient in law to confer the necessary power; (5) that the final decree can be performed by the relator or enforced by the courts.

It is contended by relator that the final decree dated October 18, 1932, does not provide a gross property settlement on Priscilla Willard because it provides for the payment of "the sum of $150.00 per week for her support and maintenance" and these weekly payments for "her support and maintenance" shall continue until a trust fund in the sum of $150,000.00 shall have been created or established on the part of Frank H. Willard, when the weekly payment in "the sum of $150.00 for her support and maintenance" shall immediately cease and determine." The decree provides that Priscilla Willard shall not have or own the said trust fund, *supra,* but only the income therefrom for her support and maintenance as well as her said children.

The trust fund shall be owned by the children "share and share alike," and divided when the children shall reach the age of forty-five years. Priscilla Willard, by the terms of the final decree, does not own any portion of the trust fund and she only has an interest in the income therefrom when a substitution is made from the weekly payment of $150.00 to the income from the contemplated trust fund of $150,000.00. It is difficult to see or determine wherein a gross property settlement has been made on Priscilla Willard by the terms of the decree, but it is clear that the support and maintenance should be the sum of $150.00 per week, and from this sum she is required to support herself and the two minor children. We have not overlooked the stipulations of counsel which later merged into the final decree.

The terms of the final decree awarded the custody of the two children to Priscilla Willard and decreed the payment of $150.00 weekly to her for hers and their support "and the court hereby retains jurisdiction of this cause for the purpose of requiring each of the parties to perform the re-

quirements of the decree." Section 4987 C. G. L., makes·
it the duty of the court to make such orders or decrees as
shall be necessary for the general welfare of the children
and their interest can at any time be inquired into by a court
of competent jurisdiction. The decree here and the statute,
*supra,* give the court power to change, alter or modify any
decree involving the best interest and general welfare of
children.

It having been determined that the payment of the
$150.00 weekly was for the support and maintenance of the
wife and children and is commonly considered as alimony
as to the wife, it becomes pertinent to inquire into the fu-
ture payments, as changed conditions can be inquired into,
and an order or decree made and entered where right and
justice prevail, as contemplated by Section 4 of the Dec-
laration of Rights of the Constitution òf Florida, viz.:

"All courts in this State shall be open, so that every
person for any injury done him in his lands, goods, person
or reputation shall have remedy, by due course of law,
and right and justice shall be administered without sale,
denial or delay."

It is the duty of this Court to see that right and justice
prevail. It is admitted here that Priscilla Willard has re-
married and that the relator's funds are insufficient to con-
tinue future payments in the sum of $150.00 per week. In
the case of Carlton v. Carlton, 87 Fla. 460, 100 So. 745,
this Court held that a divorced wife who married another
man is not entitled to alimony from her divorced husband.
See: Wilson v. Caswell, .272 Mass. 297, 172 N. E. 251;
Canary v. Canary, 89 Colo. 483, 3 Pac. (2d) 802; Ross v.
Ross, 1 Cal. (2d) 368, 35 Pac. (2d) 316; Shoop v. Shoop,
58 S. D. 593, 237 N. W. 904; Reynolds v. Reynolds, 53
R. I. 326, 166 Atl. 686; Kunker v. Kunker, 230 App. Div.
641, 246 N. Y. S. 118; Williams v. Williams, 119 Neb. 8,

226 N. W. 798; Randall v. Randall, 181 Minn. 18, 231 N. W. 413; Eddy v. Eddy, 264 Mich. 328, 249 N. W. 868; Camp v. Camp, 158 Mich. 221, 122 N. W. 521; Cary v. Cary, 112 Conn. 256, 152 Atl. 302.

It follows that the answer fails to submit a sufficient legal defense. This Court having determined the question of law presented for decision in this cause, the opinion herein filed will be a guide for such further proceedings on the petition filed by Frank H. Willard on February 1, 1937, in the case of Priscilla Willard Walpole, plaintiff, v. Frank H. Willard, defendant, in the Circuit Court for Sarasota County, Florida, as may be appropriate.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—A reading of the respondent Judge's answer shows that he entertained and heard relator's application and ruled upon the same. He may have been in error in his ruling that the former decree was final and he had no jurisdiction to change or modify it, but if so, the remedy was by appeal and not by mandamus. An appeal was taken and is pending here: I think the court below had the power to *control* the enforcement of its prior decree of May, 1932, under the principle laid down in Mr. Justice Whitfield's opinion in the recent case of Van Loon v. Van Loon, and that the chancellor erred in holding, as he apparently did, to the contrary.

## ON PETITION FOR REHEARING

PER CURIAM.—A rehearing was granted in this cause. The alternative writ required the Circuit Judge to adjudicate a petition for modification of the alimony provisions of a final decree of divorce or to show cause for not doing so.

In his answer to the alternative writ the Circuit Judge states that "in the absence of fraud, he had no jurisdiction or authority over the final decree, to grant the relief prayed."

The final decree requires the divorced husband to establish a trust fund for the benefit of the divorced wife and the two minor children, and provides: "that until said trust fund of $150,000.00 shall have been established and provided, the said Frank H. Willard be, and he is hereby, required to pay to the complainant, Priscilla Willard, the sum of $150.00 per week for her support and maintenance"; and "that the provisions of this decree with reference to payments by the defendant, Frank H. Willard, and to said Trust Fund, and to the said complainant Priscilla Willard, are in lieu of all claims of the complainant, Priscilla Willard against the defendant, Frank H. Willard, for alimony, support money or otherwise." "And the court hereby retains jurisdiction of this cause for the purpose of requiring each of the parties to perform the requirements of this decree."

If subsequent events affect the rights of either party to an enforcement of the decree or a material part thereof, the parties are entitled to be heard thereon.

The jurisdiction reserved by the decree authorizes appropriate judicial enquiries as to the rights of the parties to have the decree enforced at least in so far as it provides for alimony.

The trust fund referred to in the decree has not been established. A portion at least of the decree relates to alimony. This appears at least *prima facie* as matter of law by the decree to which the petition is addressed as is indicated by the previous opinion herein. Allegations of the petition relate to matters occurring since the date of the

decree affecting the enforcement of the decree, and the Circuit Judge has power to determine such matters.

The answer, considered with the decree, does not show "the court had lost control and jurisdiction of said final decree," as stated in the answer.

A peremptory writ is awarded but will not be issued unless it is required.

Ellis, C. J., and Whitfield, Terrell, Brown, Buford and Chapman, J. J., concur.