## EMILE RIENS v. WILLIE MAUDE RIENS

25 So. (2nd) 79                                    January Term, 1946
February 26, 1946                                          Division A

*Will O. Murrell,* for petitioner.

*Evan Evans,* for respondent.

BUFORD, J.:

In a suit for divorce defendant appeared and thereafter decree pro confesso was duly entered on the 14th day of June, 1944, for failure of defendant to file answer in the time required by order of court made on May 22, 1944, allowing defendant 20 days in which to answer.

Counsel for defendant, after notice, procured order of court of May 24th 1944 allowing him to withdraw from the representation of the defendant.

After entry of decree pro confesso the cause came on for taking of testimony before the court on June 19th 1944. Final decree of divorce was entered on June 20th 1944. On July 10th 1944 defendant filed her verified motion to set aside final decree and decree pro confesso in which she alleged that she did not know that her counsel of record had been allowed to withdraw from her defense and that she had a meritorious defense in that she had not deserted the plaintiff as was alleged in the amended bill of complaint but, on the contrary, plaintiff had deserted the defendant.

The motion was not set down for hearing until the 7th day of June, 1945, and was acted upon by the court in its order of November 26th 1945 wherein the motion was granted and the decree pro confesso and the final decree were vacated.

That order is here for review on petition for certiorari.

Equity Rule 45 was superseded by Sec. 43 of Florida Chancery Act, 1931, which reads as follows:

"Section 43. Decree pro confesso to be followed by final decree: Setting aside default.—When the bill in any cause is taken pro confesso, the court may proceed to a decree, and such a decree rendered shall be absolute unless the court shall set aside the same or enlarge the time for filing the answer for cause shown upon motion and affidavit of the defendant, made and filed within twenty days after the entry of the final decree; and no such motion shall be granted, except upon such conditions as to the court may seem equitable and just, and

unless the defendant shall file his answer within such time as the court shall direct, and submit to such other terms as the court shall direct for the purpose of speeding the cause."

This section was reenacted as Section 63.43 Fla. Stats. 1941 (same F.S.A.).

There is no contention here that the motion to vacate was not made within the time allowed under the section, supra. On review by this court of an order vacating a decree pro confesso and final decree even after the same has become absolute, there is a presumption that the Chancellor properly exercised his discretion and the burden is upon the appellant to show that the decree ought not to have been vacated. See Peoples Realty Co. v. So. Colonization Co. 78 Fla. 628, 83 Sou. 527; Turner et al. v. Jones et al., 67 Fla. 121, 64 So. 502.

In Evans v. Tucker, 101 Fla. 688, 135 So. 305, we held that:

"The rule is that motions of this character address themselves to the sound discretion of the court and the exercise of this discretion will not be interfered with by the appellate court unless there has been a gross abuse of that discretion."

We think that this is a case in which the Chancellor might have either granted or denied the motion to vacate the decree pro confesso and the final decree according to what in his discretion he determined to be the proper action in this regard and it would have become our duty on review here to affirm his order so made. Much logical argument has been made to the effect that there was an unreasonable delay between the date of the filing of the petition by the defendant and the date of its being set down for hearing before the court and also between the date of such setting down for hearing and the date of the order of court disposing of the motion, but there happens to be nothing in the record by which we may determine whose fault it was that was responsible for this delay. Therefore, we must assume that the Chancellor, having all the facts before him, exercised sound judicial discretion.

For the reasons stated, certiorari is denied.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.