No. 21020.

JAMES H. LAY, JR. *v*. MARGARET A. LAY.
(425 P.2d 704)

Decided March 6, 1967. Rehearing denied April 17, 1967.

GELT and GROSSMAN, HERBERT H. GALCHINSKY, for plaintiff in error.

ARTHUR S. BOWMAN, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THE plaintiff in error will be referred to as the "husband" and the defendant in error as the "wife." On July 27, 1960, the husband instituted divorce proceedings. The divorce, however, was granted to the wife on November 2, 1960, on her cross-claim. On October 20, 1960, the parties entered into an elaborate agreement for the purpose of settling all matters relating to the division of their property, establishing the obligation of the husband to the wife for her maintenance and support, and providing for child custody and support.

The agreement was submitted to the court for its approval. The court approved the agreement and it was adopted and incorporated into the decree of divorce. The portion of the decree which is involved in the instant controversy relates solely to the monthly payments payable to the wife. The portion of the decree pertaining to child support and the division of property is not subject to attack on this writ of error.

After stipulating for payments of $300 per month

by the husband to the wife for the first twelve months, the contract provides:

"(b) Two Hundred Fifty Dollars ($250.00) per month, commencing with the month of November, 1961, and continuing for consecutive months thereafter until the Wife dies or remarries, whichever occurs first."

Following closely on the discharge of a citation for contempt against the husband for failure to comply with the terms of the decree, the husband, on July 10, 1962, caused to be filed a petition for reduction of the alimony payments because of an alleged change of circumstances, to wit, reduced income and inability to pay the agreed amounts.

The court heard the motion on July 26, 1962, and found the husband to be $850 in arrears in "alimony" payments; it thereupon ordered the monthly payments reduced from $250 to $175, but also ordered the husband to pay $25 per month on the arrearages. Because the husband had recently changed jobs, the matter was continued "to December 28th for review as to what his income will be at that time."

On December 28, 1962, the court heard the motion to reduce "alimony." It was again continued for further hearing to March 15, 1963. At the hearing on March 15, the court took the matter under advisement. On March 25, 1963, the court, after reviewing the evidence and making findings thereon, entered an order, as of March 15, 1963, in the following form:

"It is the opinion of the Court that the Plaintiff should be compelled to comply with his original agreement and that the reduction given should be an abatement but not a forgiveness of that amount and should accumulate as an obligation against him or that it should not be any further abated at the present time because it would only make it impossible for the Defendant, the former wife, to make ends meet."

The husband then filed a petition for rehearing, basing his request on the failure of the court to consider his

changed financial condition. He also sought reinstatement of the original order which was based on the agreement.

At the hearing on the motion for rehearing, the court modified its March 15, 1963 order by adding:

". . . In accordance with the order of Judge Cook heretofore entered, the twenty-five dollar payments to apply on the arrearages, plus the one hundred and seventy-five dollars from the time of his order to this date shall be deemed the entire obligation of the Plaintiff. And Judge Cook's order is modified in accordance with the expression of the Court heretofore in this paragraph given."

At the time of the argument before this court counsel for the wife stated that as far as his client was concerned, she waived any claim which she might have to the $75 per month which was abated or forgiven by the court order of July 26, 1962. We shall treat this as a review of the order of March 15, 1963, as modified above.

Before we consider the question of whether the trial court abused its discretion, we must first determine whether the court, as a matter of law, can, under any change of conditions, modify the provisions of a marriage settlement agreement which has been approved by the court and incorporated in the divorce decree.

The preamble to the agreement recited that:

". . . it is the desire and intention of each of the parties to this Agreement to settle and adjust all property rights between themselves, all rights to temporary support money and permanent alimony, attorneys' fees and costs, and the matter of custody of the minor children."

The agreement then spells out the division of the real and personal property, the amount of alimony and support money, and the respective obligations of the parties in other areas. Under a division of the agreement, labeled "Mutual Agreements and Releases," these provisions appear:

"2. In consideration of the covenants by the Husband

hereinbefore set forth, the Wife does hereby release the Husband from any and all rights, claims and demands of whatsoever kind and nature, arising out of or growing out of the marital relationship between the parties, including any temporary or permanent alimony, or attorneys' fees or costs, or any claim in and to any real or personal property which the Husband may have at this time, or hereafter acquire, other than as herein specifically provided; . . .

"3. The Wife hereby waives, relinquishes and releases all claims, allowances, widow's allowance, statutory share and other rights which she may have in and to the estate of the Husband. . . .

"4. This Agreement shall not affect or be a bar to any action of divorce between the parties hereto; however, in any such divorce proceeding, the parties agree to accept the provisions of this agreement in lieu of any other claim by either of the parties against the other for any allowance, temporary or otherwise, for support, maintenance, alimony, custody of minor children, and attorneys' fees; *and insofar as alimony and the property rights of the parties are concerned, this Agreement shall be binding and conclusive.* Both parties consent and agree that this Agreement may be incorporated in any decree of divorce as a full settlement of all rights and claims of whatsoever kind or character, of either party against the other." (Emphasis added.)

 C. R. S. 1963, 46-2-5, confers jurisdiction on the courts "to enforce specifically the terms and payments provided *in marriage settlement contract* and separate maintenance agreements, heretofore or hereafter entered into, whether the parties have been divorced or not." (Constitutionality upheld, *Titus v. Titus*, 96 Colo. 191, 41 P.2d 244.)

The foregoing section applies to the contract which has not been incorporated into a decree. The statutes also provide for the incorporation of such agreements into divorce decrees (C. R. S. 1963, 46-1-5). ". . . when

filed in the action and referred to and approved and adopted in any order or decree. . . ." the agreement becomes a part of such order or decree and the parties continue to be bound by it.

There is no change in the relationship of the parties to the contract by virtue of its adoption and incorporation into the decree, nor of the force and effect of the terms thereof. The agreement, to the extent that it is incorporated, merges into the decree. The legal effect of this is that judgment remedies become available to the parties, in lieu of contract remedies. *Gavette v. Gavette*, 104 Colo. 71, 88 P.2d 964.

We are concerned here primarily with what the parties designated as "alimony" and with attorneys' fees. The child custody and support provisions of the agreement are not in issue; hence, whatever elements of public policy which might be brought to bear on those issues will be left for future consideration.

It is well-established in this state that a property settlement agreement which is approved and incorporated in a divorce decree cannot subsequently be modified, in the absence of fraud or overreaching (*Magarrell v. Magarrell*, 144 Colo. 228, 355 P.2d 946; *Zlaten v. Zlaten*, 117 Colo. 296, 186 P.2d 583). It is similarly well-settled that a provision in an agreement which obligates the husband to make fixed monthly payments to the wife, where the agreement is approved by the court and incorporated in the decree of divorce, is not subject to subsequent modification. *International Trust Co. v. Liebhardt*, 111 Colo. 208, 139 P.2d 264.

(It should be noted that the payments agreed upon, although referred to as "alimony," were not technically *alimony* as that term is defined in the cited cases. In effect, the payments were in lieu of alimony and a part of the consideration for the contract.)

It would be contrary to the clearly expressed intention of the parties to hold that the provision for monthly payments to the wife constituted a separable

agreement for the payment of alimony subject to the continuing jurisdiction of the court to modify. The parties may, in the agreement, reserve to the court the power to modify the "alimony" provision, and the court, as a condition to approval of the agreement, may reserve such power to itself. It may also, of course, be modified by the subsequent agreement of the parties.

The husband relies upon *Canary v. Canary*, 89 Colo. 483, 3 P.2d 802. In order to make certain as to the facts in *Canary*, we reviewed that record. That case held that "the trial court retains jurisdiction to hear an application for modification of the judgment for permanent alimony," where, as here, the agreement is incorporated in the decree. The conclusion which we have reached herein is contrary to Canary; hence we must overrule it. *International Trust Co. v. Liebhardt, supra,* held contrary to Canary, but did not cite it. The two Colorado cases cited and relied upon by the court in its opinion in *Canary v. Canary, supra* (*Prewitt v. Prewitt*, 52 Colo. 522, 122 Pac. 766, and *Jewel v. Jewel*, 71 Colo. 470, 207 Pac. 991), did not involve decrees based upon contracts and are therefore not in point, nor affected by this decision.

The final point for our consideration on this writ of error relates to the award of attorney fees to the wife's attorney for his services in resisting the efforts of the husband to reduce the amount of the decreed (and agreed) monthly payments. We again look to the agreement.

We quoted above a portion of the preamble relating to attorneys' fees. In addition, we referred to parts of the agreement pertaining to attorneys' fees. The final paragraph of the agreement governs our determination on the award of attorneys' fees. It reads:

"Each party to this Agreement represents that he or she has retained his or her respective counsel and each agrees to pay his or her respective counsel such attorneys' fees as may be incurred in the above entitled

action and for preparing, considering, revising and advising upon the reasonableness, fairness, and propriety of this Agreement, and each represents that he or she has had the independent advice of counsel of his or . her respective selection prior to the execution of this Agreement."

The agreement obviously .did not contemplate efforts to change the agreement after it was finally approved by the court and incorporated into the decree of divorce. We, therefore, hold that the award of attorneys' fees by the trial court was within its discretion, and that there was no abuse of discretion.

The judgment is affirmed.