MR. JUSTICE LEE
delivered the opinion of the Court.
In this original proceeding, we issued our rule to show cause. The respondent district court has filed its answer, and brief in support thereof, and having considered the merits thereof we now make the rule absolute.
This controversy arose out of a separation agreement entered into and incorporated in a decree of divorce on June 15, 1970. The separation agreement provided for monthly alimony payments to petitioner.
On May 9, 1974, the parties, pursuant to their stipulation and agreement, modified the separation agreement, eliminating therefrom a provision which had set over to the petitioner a twenty-five percent interest in her former husband’s business known as Building Materials Supermart. The stipulation modified the provision for alimony and required that the former husband pay to petitioner the sum of $650 per month in semimonthly payments of $325 each. The stipulation and agreement were then made an order of court.
Thereafter, a motion to reduce alimony was filed by the husband on the ground that there was a substantial change in his circumstances. After hearing, the motion was denied by the court on June 25,1975.
On May 11, 1976, a further motion to reduce alimony on the ground of substantial change in circumstances was filed by the husband. After hearing, the respondent court found that there had been a substantial *457 change in the ability of the husband to pay alimony. It therefore entered an order on August 17, 1977, reducing the alimony payments to $400 per month.
On January 20, 1978, peititioner filed her motion for reconsideration of the court’s order reducing alimony. This motion was denied as being untimely. The court concluded:
“As a matter of law, the words and conduct of the parties demonstrate that their property settlement and alimony agreement, and the decree incorporating same, as modified, neither expressly nor impliedly deprived the Court of the power to make such modifications of alimony as are necessitated by the substantial change in circumstances, pursuant to § 14-10-112(6) and § 14-10-122, C.R.S. 1973.”
We hold that the respondent court erred in modifying the provision for payment of alimony as agreed upon by the parties to the divorce proceeding.
It is apparent from the conclusion of law above quoted that the respondent court believed that the disposition of this case was governed by sections 14-10-112 and 14-10-122, C.R.S. 1973, of the Uniform Dissolution of Marriage Act. In this, the respondent court was in error. The Uniform Dissolution of Marriage Act specifically provides:
“This article shall take effect January 1, 1972, and shall apply only to actions affected by this article which are commenced on or after such date; all such actions commenced prior to said date shall be governed by the laws then in effect.”
The divorce decree in this case was entered on June 15, 1970. We, therefore, look to the prior divorce Act (C.R.S. 1963, 46-1-1, et seq.) and the interpretation thereof for determination of the alimony issue here present.
In our view, this matter was resolved by the decision of this court in Lay v. Lay, 162 Colo. 43, 425 P.2d 704. In that case, the separation agreement was adopted and incorporated into the decree of divorce, as was done here. The agreement there did not reserve to the court jurisdiction to modify the terms of the alimony provision. Nor did the court in its order adopting and incorporating the agreement into the divorce decree specifically reserve the right to modify the terms thereof. In Lay it was stated:
“It would be contrary to the clearly expressed intention of the parties to hold that the provision for monthly payments to the wife constituted a separable agreement for the payment of alimony subject to the continuing jurisdiction of the court to modify. The parties may, in the agreement, reserve to the court the power to modify the ’alimony’ provision, and the court, as a condition to approval of the agreement, may reserve such power to itself. It may also, of course, be modified by the subsequent agreement of the parties.”
*458 Although the parties could by their subsequent agreement modify the separation agreement incorporated into the decree of divorce, the court was without jurisdiction to do so.
As in the Lay case, it was the desire of both parties that the matter of alimony should be settled and concluded by their agreement in writing. The agreement and stipulation for modification specifically provided that “[i]n all other respects the said Decree of Divorce dated June 15, 1970, shall remain the same.” Thus, it was expressly not the intention of the parties, when they stipulated to modification of the alimony provision, to confer jurisdiction upon the court to adjust the alimony provision upon a future change of circumstances.
Since, as we have held, the court had no jurisdiction to modify the provision for alimony, the order was void and of no effect.
Accordingly, it is ordered that the respondent court vacate its order of August 17, 1977, reducing the alimony payable to petitioner. It is further ordered that the provision for payment of alimony in the amount of $650 per month, as agreed to by the parties, be reinstated, effective May 11, 1976.
Rule made absolute.
MR. JUSTICE PRINGLE, MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN do not participate.